■ ROBERT F. HALSEY, Respondent, v. FORD MOTOR COMPANY, INC., et al., Appellants.— Judgment unanimously reversed on the law and facts, without costs of this appeal to either party, and complaint dismissed, without costs. Memorandum: Plaintiff's recovery is based upon a jury finding of breach of implied warranty of fitness of a cigarette lighter sold by defendants as an integral part of an automobile. The car was destroyed by fire after having been left unattended in a rural area. There was some proof that upon first discovery of the fire it was concentrated on the dash where the lighter was located. There is also proof that in the five months plaintiff had owned the car the lighter had malfunctioned but such had only occurred when the article was used. There is no proof that on the day in question it had been so used. Giving plaintiff the benefit of every favorable inference which can reasonably be drawn from the facts (*Sagorsky* v. *Malyon*, 307 N. Y. 584, 586) we conclude that the trial court

upon the proof adduced erred in submitting the issues to the jury. "When the precise cause of an accident is left to conjecture and may be as reasonably attributed to a condition for which no liability attaches as to one for which it does, then the plaintiff is not entitled to recover, and the evidence should not be submitted to the jury." (*White* v. *Lehigh Val. R. R. Co.*, 220 N. Y. 131, 135–136.) (Appeal from judgment of Steuben Trial Term for plaintiff in a negligence action.) Present — Williams, P. J., Bastow, Goldman, Henry and Del Vecchio, JJ.