Irving Younger, J.
Jean Bierman, a lady no longer young, owns a small house at 149 Rivington Street, New York City, where, assisted by social security payments, she makes her home.
On February 11, 1968, at about 6:30 a.m., water poured into Mrs. Bierman’s basement. It damaged the boiler, floor, and walls. The source of the flood was a ruptured water main in front of her house.
She filed a claim for property damage against the city, which responded with a letter stating, in substance, that Consolidated Edison had been working on the main, and hence that Mrs. Bierman’s grievance, if any, was against Consolidated Edison. *498 Mrs. Bierman then commenced an action in the Small Claims Part of this court, against both the city and Consolidated Edison, seeking damages in the amount of $300. Because of a crowded calendar in the Small Claims Part, the case was .referred to Part 20, where, on May 20, 1969, it was tried.
Neither the city nor Consolidated Edison offered any evidence. Bather, at the close of Mrs. Bierman’s case, each moved to dismiss the complaint on the ground that there was no proof of negligence. There was none. Although it has been held that without such proof a plaintiff may not recover for harm caused by a broken water main (George Foltis, Inc. v. City of New York, 287 N. Y. 108 [1941]), I find that simple citation of authority will not suffice as a basis for decision here.
This is a Small Claims case, and in Small Claims cases we are adjured “to do substantial justice between the parties according to the rules of substantive law.” (N. Y. City Civ. Ct. Act, § 1804.) The rule of substantive law says that Mrs. Bierman may not recover because she cannot prove negligence on the part of the city or of Consolidated Edison. Is this substantial justice? Only a very backward lawyer could think so. Why should a lady little able to bear the loss nevertheless bear it? Because the metropolis and the great utility were not at fault, we are told. Yet the concept of fault is beside the point. When called upon to decide the rights of a farmer into whose cabbages the flock wandered while the shepherd dallied, a court can preach a sermon on culpability and still appear to reason its way to a just result. But when the task is the allocation of burdens between a plaintiff who is little more than a bystander in his own society and government itself, talk of negligence leaves the highroad to justice in darkness. Accidents happen. Injuries occur. People- suffer. Frequently nobody is at fault. The problem is one of mechanics, not morals. The law should therefore turn from fault as a rule of decision.. Bather, Judges must find a rule to decide whose the cost and whose the compensation so as to satisfy the Legislature’s command in a ease like this “ to do substantial justice.”
Modern legal scholarship provides at least three signposts pointing to such a rule.
(1) Cost-spreading. See Calabresi, “ Some Thoughts on Bisk Distribution and the Law of Torts ” (70 Yale L. J. 499 [1961]). The rule should operate to alleviate the expense of accidents. Can Mrs. Bierman recover only by proving negligence here where no one was negligent? Then she will bear the whole expense and defendants none. Can Mrs. Bierman recover without proving negligence? Then defendants will in *499 the first instance bear the whole expense and Mrs. Bierman none. That whole expense defendants will thereupon spread among all who benefit from the water main: the city in taxes, Consolidated Edison in rates. Mrs. Bierman obviously can do no such thing. So the defendants should pay. If they must, they argue, they have become insurers. Precisely. Let them charge each person something so that no person pays everything.
(2) Injury-prevention. See Seavey, “ Speculations as to ‘Respondeat Superior,’” in (Harvard Legal Essays 433 [1934]); Calabresi, ‘ ‘ The Decision for Accidents: An Approach to Nonfault Allocation of Costs,” (78 Harv. L. Rev. 713 [1965]). The rule should assign liability to the party who will thereby be moved to take all possible precautions against recurrence of the accident. That party is not Mrs. Bierman. It is the defendants.
(3) Fairness. See Bushey & Sons v. United States (398 F. 2d 167 [2d Cir., 1968]). The rule should impress an onlooker as fair. Here, defendants maintained a water main in the street. It was their business to do it. They created a hazard. The hazard gave issue to the accident. I believe that fairness calls for a defendant to pay for accidents which occur because of his business activities. Thus the city and Consolidated Edison should pay Mrs. Bierman for her damages here.
I recognize that Mrs. Bierman was a beneficiary of defendants’ water main. So were many others. There is nothing in Mrs. Bierman’s use of her share of the water to require that she sustain the entire loss brought about by the accident. At most, she should sustain her share; and that is the result forecast under “cost-spreading,” above.
I conclude that “ substantial justice ” in this case demands a rule of strict liability rather than a rule of fault. Accordingly, plaintiff shall have judgment against defendants, jointly and severally, in the sum of $300, together with interest from February 11, 1968.