Irving B. Kendall, J.
On September 15, 1969, the Family Court of Westchester County (Judge Harold L. Wood) issued a temporary order of support directing the defendant Carmine J. Caruso to pay his wife the sum of $20 per week.
No payments were made by the defendant for the 15-week period commencing February 19, 1970.
*810 On the same day, May 27, 1970, the plaintiff wife commenced an action in the Small Claims Part of this court to recover the sum of $300 representing the accumulated arrearage.
The plaintiff could have exercised her rights under section 460 of the Family Court Act (L. 1968, ch. 927, eff. June 22,1968) to apply in the Family Court proceeding for an order directing the entry of judgment for the arrears against the defendant.
However, instead of taking advantage of her rights under the Family Court Act, the plaintiff chose to bring this small claims action in this court, no doubt upon the theory that she could get a speedy decision, judgment and execution.
The defendant appeared generally but moved to dismiss the complaint on the ground that this court lacks jurisdiction of the subject matter of the action, in view of the remedy available to the plaintiff in the Family Court.
We agree with the defendant’s position for two reasons:
1. Under section 411 of the Family Court Act, the Family Court has exclusive original jurisdiction over support proceedings.
2. Under section 460 of the Family Court Act, the defendant is entitled to be heard on the subject of the entry of judgment for the arrearage. In fact under that section, the Family Court Judge may make an order directing the entry of judgment for the amount of the arrears or for a lesser sum ‘ ‘ having regard to the circumstances of the respective parties ”. This jurisdiction is not conferred upon the City Court of Mount Vernon either expressly or by indirection. To deprive the defendant of his opportunity to be heard on the subject of the support order and to contest it, would deny him a substantial right.
The plaintiff’s argument that subdivision 3 of section 460 of the Family Court Act leaves the door open to a suit in City Court of Mount Vernon is untenable in view of settled doctrine that where separate actions are instituted by the same parties in reference to the same subject matter in courts having concurrent jurisdiction, the court which first obtains jurisdiction with adequate power to administer full justice should continue to exercise it. Section 460 gives the Family Court Act power to administer full justice to the plaintiff. (See Colson v. Pelgram, 259 N. Y. 370, 375; Matter of Farrell, 125 App. Div. 702, 704; “ Varney ” v. “ Varney ”, 178 Misc. 165.)
In view of the foregoing, the defendant’s motion to dismiss the complaint is granted without costs.