■ MARY P. Fox et al., Respondents, v CORNING GLASS WORKS, INC., Appellant. — In an action to recover damages for personal injuries, etc., defendant appeals from an amended judgment of the Supreme Court, Westchester County, entered March 3, 1980, which is in favor of plaintiffs and against it, upon a jury verdict. Amended judgment reversed, on the law, and new trial granted, with costs to abide the event. A 2½-year-old teapot manufactured by defendant burst apart while plaintiff Mary Fox was using it to boil water. She suffered serious injuries as a result. At the trial of this action, brought, *inter alia,* upon a theory of breach of an implied warranty of fitness, defendant's expert witness testified that it was his opinion that the accident resulted from a weakening of the structure of the teapot caused by impact with another object. Mrs. Fox denied that such an impact had occurred, but she presented no expert or other testimony on her behalf as to the cause of the accident. We recognize that in a products liability case, the existence of a defect at the time that the product left the manufacturer's control may be proven by circumstantial evidence (see *Codling v Paglia,* 32 NY2d 330). That is to say that generally, when evidence is offered that an accident had occurred during the normal use of a product and that the product had not been damaged or misused since it left the manufacturer's control, a trier of the facts will be permitted to infer that a defect existed when the product left the manufacturer's control. However, once this inference has been countered, the plaintiff must come forward with some direct proof of the cause of the accident. Otherwise, any verdict which may be rendered in favor of the plaintiff will be based on pure conjecture as to the cause of the accident and, as such, cannot be allowed to stand (see *Pennsylvania R.R. Co. v Chamberlain,* 288 US 333; *Halsey v Ford Motor Co.,* 24 AD2d 826, affd 19 NY2d 664; *White v Lehigh Val. R.R. Co.,* 220 NY 131).

In this case, the defendant presented expert testimony as to the cause of the accident, Mrs. Fox, although denying the testimony of defendant's expert, presented no evidence of her own to explain the accident. Therefore, the verdict was based on mere conjecture and must be set aside. Under the circumstances of this case, plaintiffs should be afforded an opportunity to establish their claim upon sufficient proof at a new trial. Titone, J. P., Rabin, Margett and Weinstein, JJ., concur.