OPINION OF THE COURT
William D. Friedmann, J.
This small claims action seeks damages of $127.20 for “expenses incurred due to broken patio window caused by vibration of defendant’s aeroplane.” It was tried before me on February 4, 1982.
THE ISSUE
The sole issue presented is whether claimant may recover for damage to his patio window allegedly caused by a particular Air France flight which was on its final approach to Kennedy Airport for landing.
THE CONTENTIONS
Claimant, appearing pro se, sets forth no supportive legal theory for his claim. He in effect seeks the assistance of the court in obtaining “substantial justice” pursuant to section 1804 of the New York City Civil Court Act (CCA). He seeks his recovery based upon the facts and circumstances surrounding the damage to his patio window. He states that immediately after the flight went over his house that his patio window cracked because “The plane was so low and there was so much vibration that it caused it”.
*841 Defendant contends that in the absence of evidence that its flight, which allegedly passed over plaintiff’s house on October 23,1981, was conducted in a negligent manner, or below the navigable air space, that consequential damages resulting from such a flight are not compensable under either a tort or nuisance theory.
OBLIGATIONS OF COURT IN SMALL CLAIMS As with most small claims, claimant has not alleged any specific .theory in support of his claim beyond stating, “$127.20, expenses incurred due to broken window caused by vibration of defendant’s aeroplane.”
This court finds that he doesn’t have to allege a specific theory or count. Such simplified procedure is sanctioned by section 1804 of article 18 (small claims) of the CCA.
This court further believes that it has an obligation to determine the appropriate theory of substantive law to support the small claim. This is especially true where the small claim is being legally attacked, as in the case at bar, by the opposing party who is represented by counsel. Here, Air France has moved to dismiss the claim, and for a directed verdict. It has presented a 14-page memorandum, in support of its position.
DETERMINATION OF LEGAL THEORY
Research by this court indicates that a property owner adversely affected by aircraft overflights may bring various actions at law for damages, or he may seek equitable relief by injunction. The varied bases for recovery are summarized in Aircraft Overflights as Nuisance (Ann., 79 ALR3d 253, § 2 [b]): “Counsel for plaintiff should consider other possible bases for the defendant’s liability, in addition to nuisance, including trespass, negligence, ultrahazardous activity, and action under statutory or constitutional provisions. Moreover, a new type of action, popularly designated ‘inverse condemnation,’ is available against a governmental agency to recover the value of private property taken in a constitutional sense, where there has been no formal exercise of the power of eminent domain by the taking agency. The constitutional claim of taking with due process requires proof of a continuing trespass which amounts to a condemnation” (Ann., 79 ALR3d 262). (Also *842 see Liability to Persons and Property on the Ground, 1 Kreindler, Aviation Accident Law [rev ed], ch 6; 8 Am Jur 2d, Aviation, ch 8; Validity and Construction of Statute Imposing Absolute Liability for Injury or Damage Occurring on Ground or Water Below From the Fall, Flight, or Ascent of Aircraft or From the Fall of Object Therefrom, Ann., 81 ALR2d 1058.)
Following research, it has been determined that claimant’s property damage, allegedly caused by a specific act (single overflight occasion) of the owner-operator of the airplane, in question, should be predicated upon a negligence theory. The operation of the Air France SST on October 23, 1981 was conducted in a negligent manner, or below the allowable navigation airspace, and accordingly was the proximate cause of claimant’s consequential property damage. Other theories of substantive law have been considered, and rejected as not supported by claimant’s factual contentions or beyond the scope of his proof.
Owners or operators of aircraft in flight have been held liable for the damage they cause to persons or property on the ground upon the proof of their negligence (1 Kreindler, Aviation Accident Law, § 6.01 [5], and cases cited; Negligence In Operation of Airplane In Landing, Ann., 74 ALR2d 628, and cases cited; 8 Am Jur 2d, Aviation, § 91).
Liability of an owner of an aircraft which flies low over the land or facilities of another causing damage to persons or property on the ground, although not physically touching the ground, has been recognized. (1 Kreindler, Aviation Accident Law, § 603; Negligence In Operation of Airplane In Landing, Ann., 74 ALR2d 628, and cases cited.)
It has been further recognized, that liability in nuisance for operation of an airport or for aircraft overflights can be predicated, at least in part, upon the effects of vibration (Aircraft Overflights As Nuisance, Ann., 79 ALR3d 253, §§ 8, 14, and cases cited; 58 Am Jur 2d, Nuisances, § 69).
Cases also recognize recovery in negligence for damage, including damage to glass, caused by sonic boom, defined as a mechanical phenomenon of the air that consists of pressure and sound waves generated by an object moving through the air at speed equal to or exceeding that of sound *843 (8 Am Jur 2d, Aviation, § 125, at pp 509-510). However, the uncontested contention of Air France that its plane was not flying supersonic, but was operating like a conventional aircraft at the time in question precludes such a finding here.
This court has not been able to uncover New York cases involving liability in negligence for aircraft overflights due to conventional engine-caused vibration, defined as: “A process of agitating or shaking; it is also a kind of oscillating” (92 CJS 1006) which causes the transmission of vibrations or shock waves. (See, also, Benton v Kernan, 127 NJ Eq 434, 455.)
In Guercio v State of New York (57 Misc 2d 497, 501), the State’s expert, a qualified civil engineer, likened vibration waves to “waves resulting from dropping a stone into a pool of water. The ripple emanating from the center, if of sufficient intensity amplitude, would rock a building first in one direction, and then as it passed by, would rock the building in the other direction, resulting in a wall cracking in the form of an X pattern * * * The expert explained another theory in vibration damage: that the weaker structural material breaks first, and that glass and plaster are considered to be the weaker materials.”
There seems to be no reason in this day and age why aviation should be considered different from railroads, the operation of construction machinery, and other mechanical uses when it comes to imposing liability in negligence for property damage caused by vibrations (Liability for Property Damage Caused by Vibrations, or The Like, Without Blasting or Explosion, Ann., 79 ALR2d 966, and cases cited).
This court finds that negligence in the operation of the Air France flight can be established through the use of the doctrine of res ipso loquitur, “the thing speaks for itself”, which has been applied frequently in aircraft accident cases (Res Ipsa Loquitur In Aviation Accidents, Ann., 6 ALR2d 528; 1 Kreindler, Aviation Accident Law, §§ 504 [4], 404, 6.01 [4], [5]; 8 Am Jur 2d, Aviation, §§ 148-152; 2A CJS, Aeronautics & Aerospace, §§ 165-166).
Generally, the doctrine of res ipso loquitur is that where an injury and damage are shown to have been caused by an *844 instrumentality, which was under the exclusive control or management of the defendant, and the occurrence is such as does not ordinarily happen when due care is used in such control and management, an inference of negligence may arise from such showing, without proof of any specific negligent act or omission. Such inference is a mere permissible deduction, which a court or jury can make in its factual determinations, and it causes the defendant to come forward with an explanation of the occurrence (Abbott v Page Airways, 23 NY2d 502; Richardson, Evidence [10th ed], pp 68-69).
Res ipso only applies when it is warranted by the facts, that is, when all the required elements of the doctrine are presented, by the circumstances of the case.
The following elements are met in this case:
(1) Exclusive control and management of aircraft. Air France concedes control and management of the aircraft involved.
(2) Damage would not have occurred in the absence of the negligent operation of the aircraft. Air France concedes that its aircraft passed over the claimant’s house at the exact time in question. Claimant contends that he has lived in his house, which is under the landing pattern for SST jets into JFK for the past three years, and that although there has been some prior vibration experience, there has never been an occurrence of damage to property.
The uncontradicted testimony of claimant and his two witnesses established that the crack in the patio window was “starting”, or was “cracked”, immediately after the aircraft passed over the house, and that the house was caused to “shake”, or “shook”, knocking knicknacks to the floor. No proof was offered to show that the damage to the window might have happened as the result of other causes other than that contended by claimant (vibrations) (Foss v United States, 191 F Supp 367).
(3) Defendant had superior knowledge or means of information as to the cause of the injury. The record clearly established that Air France had, on a comparative basis, superior knowledge or means of information as to the alleged cause of the damage — the operation of its aircraft. *845 Whether the flight in question was conducted in a proper manner (in conformity with State or Federal regulations as to height, sound, engine control or intensity or that other aspects of the plane’s operation and landing procedure was proper and legal) was certainly within the peculiar knowledge of Air France and not claimant.
(4) The occurrence is not fully explained by the evidence. In explaining and filling the gap between the overflight, and the claimant’s observation of a “crack starting across the window very slowly”, reliance must be bridged, through use of circumstantial evidence, or through a res ipso loquitur inference.
(5) Burden of rebutting inference. An inference of negligence in the operation of an aircraft, through the doctrine of res ipso is not compelled (Crist v Civil Air Patrol, 53 Mise 2d 289), but must be warranted by the facts of the particular case. It has been established, that the defendant has the burden of going forward, to rebut such inference by satisfactory explanation, through substantial evidence as to the cause of the injury or damage and that claimant’s loss could not have happened by its overflight, but was due to some other cause, which was preventable, unpreventable or unknown. Reference to the trial record, indicated that the only explanation offered by Air France as to the operation of its aircraft was that it is not permitted to use its supersonic engines over the United States. There was no evidence by any of defendant’s employees involved in the operation or landing of the aircraft, that some other cause explained the damage. There was no “black box”, or other recordings, or records introduced as to the manner in which the aircraft was operated with regard to height, flight pattern, mechanical or motor control or any other factor.
That something normally should take place, or that no complaints were received from others, is not an adequate explanation, as to the manner in which the aircraft in question was operated, when it passed over the claimant’s house on October 23, 1981.
CONCLUSION
Upon fair and full analysis, this court finds that no good reason exists why a person’s property, even a relatively *846 small item such as a window, should be damaged by the overflight of an aeroplane, and that there be no practical basis of recovery.
When proper circumstances exist, a person should be able to go to a Small Claims Court, pay a small fee ($4.55 in New York City) and seek justice through the simplified practice and procedures available.
Resolution of the problem presented, in this small claims case, based on negligence, and the doctrine of res ipso loquitur, illustrates the capacity of the common law to grow, and its adaptability to the requirements of new conditions.
Judgment for claimant is accordingly granted in the sum of $127.20, with interest from October 23, 1981, together with costs and disbursements.