OPINION OF THE COURT
William D. Friedmann, J.
Plaintiff, an attorney appearing pro se, brought this small claims action seeking “$1,500.00 — May 4, 1981. Defective engine serial #8005, Loss of Use” (should be No. 3305).
CONTENTIONS
He contends that the boat engine, because of its defective design and assembly, from the time of purchase, would not operate at full power and flooded regularly. That the double warranties of section 2-314 (subd [2], par [c]) (implied warranty; merchantability; usage of trade) and section 2-315 (implied warranty; fitness for particular purpose) of the Uniform Commercial Code apply without limitation based upon the provisions of section 2-316 of the Uniform Commercial Code (exclusion or modification of warranties).
Defendant manufacturer counters by maintaining that in this vertical distributive relationship (plaintiff pur *376 chased from defendant’s dealer) no privity existed between it and plaintiff, that in any event, plaintiff failed to prove the existence of any oral or written warranty, and moreover, that if any actionable relationship did exist it was governed and limited by defendant’s express limited warranty which exclusively disclaims all implied warranties, as well as the imposition of consequential damages (Uniform Commercial Code, § 2-316).
RELEVANT FACTS
Plaintiff purchased a Chrysler 7.5 horsepower (h.p.) outboard engine from defendant’s authorized dealer, Leisure Products Marketing Systems, Inc., of Roslyn, New York, for $504, on May 4, 1981. The purchase transaction was “out of box” and did not entail “predelivery service”. At purchase a “Chrysler Outboard Corp. Temporary Registration Card” was issued to plaintiff stating the purpose of purchase as “Pleasure Use”. Thereafter, a “Chrysler Marine Owners Registration Card” was forwarded to plaintiff by defendant. From the inception of use the engine was difficult to start, would not run at full power, chronically malfunctioned and flooded. It was taken for repair to various Chrysler dealers and others, one such service facility upon advice of defendant. Plaintiff testified as to the chronic malfunction of the engine, and the consequential and incidental damage incurred in connection therewith (repair, vacation interruption, inconvenience, etc.). Plaintiff’s expert, Paul Miranda, a qualified marine mechanic, testified that based upon his examination of the engine, that it could not be repaired, that it contained certain design defects familiar to defendant’s dealers and had incorporated thereon the wrong propeller. Defendant’s witness, D. C. Elliott, employed in its marine division was not permitted to rely upon, in his testimony, defendant’s outboard owner’s guide for the 25 and 35 h.p. motor, which guide was offered at trial and not admitted into evidence. The engine in question being 7.5 h.p., and there being no evidence concerning what guide or documentation if any, that plaintiff received at purchase. The owner’s guide for the 25 and 35 h.p. was however admitted as a court exhibit. Plaintiff was requested as a posttrial submission to furnish a copy of the Chrysler outboard owner’s guide and Chrysler *377 outboard operator’s manual that he received at the time of purchase. Defendant was requested to forward a copy of its 1981 owner’s guide for the 7.5 h.p. engine. Defendant’s posttrial submission “Owner’s Guide” contained a limited warranty. Plaintiff’s submission, however, consisted of a different Chrysler outboard owner’s guide and Chrysler outboard operator’s manual obtained at purchase. Plaintiff’s guide was not the same guide, or manual as forwarded by defendant. Defendant’s limited warranty did not appear in any form in the owner’s guide and operator’s manual forwarded by plaintiff.
SMALL CLAIMS PRACTICE
The New York City Civil Court Act directs in the context of simplified practice (CCA 1802) that “substantial justice * * * according to the rules of substantive law” (CCA 1804) be done. However, while the rules of procedure and evidence in small claims may be greatly relaxed, the substantive result should not be different than in any other court. ((Javeline v Long Is. R.R., 106 Misc 2d 814; Hanbridge v Catholic High School Assn. of Archdiocese of N. Y., NYLJ, March 11, 1982, p 6, col 6.)
Certain aspects of a cause of action for breach of warranties under the Uniform Commercial Code as effected by simplified small claims procedure will be initially discussed.
Although to properly state a warranty-breach cause of action certain essential elements should be pleaded (Craig v American Dist. Tel. Co., 91 Misc 2d 1063), such specified pleading requirements do not apply at small claims, where an action can be commenced “except by special order of the court, without the service of any pleading other than a statement of his cause of action by the claimant * * * who shall reduce the same to a concise, written form” (CCA 1803). Faced with concise notice pleading, it should be additionally' noted that discovery in small claims is not available “except upon order of the court on showing of proper circumstances” (CCA 1804). Discovery being rarely granted, a caveat to all small claims defendants in breach of warranty cases, or other commercial matters, would be to seek discovery, or, in any event, to anticipate all possible evidentiary contingencies and be prepared.
*378 Here, the testimony of plaintiff’s expert as to engine deficiency and assembly was not countered by any competent evidence. Any posttrial supplementation, concerning design or construction, by way of letter or affidavit, etc., in the absence of a motion to reopen the proceeding must be disregarded. Even at small claims, with its relaxed rules of procedure and evidence, the fundamental right to confront a witness by cross-examination must be preserved. (Ziehm v State of New York, 270 App Div 876.)
BREACH OF IMPLIED WARRANTIES
Plaintiff seeks recovery as an ultimate consumer through a vertical distributive chain. He purchased his outboard engine from one of defendant manufacturer’s authorized dealers. (See Liability of Manufacturer or Seller or Injury Caused by Automobile or other Vehicle, Aircraft, Boat, or other Parts, Supplies, or Equipment, Ann., 78 ALR2d 460-588; Products Liability: Defective Vehicular Gasoline Tanks, Ann., 96 ALR3d 265.)
Defendant initially contends that in order for plaintiff to prevail for breach of warranty, that he must be in direct contractual privity with it. Defendant relies upon Martin v Dierck Equip. Co. (43 NY2d 583). This court’s reading of Martin, indicates that although privity has not been abandoned in New York, the Court of Appeals has reconstructed privity to only those instances of direct contact between purchaser and seller. The court in Martin v Brackett Prods. Co. (100 Misc 2d 728, 732) after reaching a similar interpretation went on to comment pertinently upon the amendment to section 2-318 of the Uniform Commercial Code, effective September 1, 1975.
“The amendment is thus both contractive, in its deletion of the absolute waiver of privity barriers for certain designated persons, and expansive, in its redefinition of the extension of horizontal privity.
“In so holding, we do not mean to imply a legislative intent to lessen the seller’s responsibility as he directs his product into the distributive chain of commerce. In fact, a greater burden appears to be placed on the seller who must now determine the ultimate consumer of his product and remains liable to that consumer for any breach of warranty *379 even though that consumer might not have been a direct vertical party to the sales contract.” (And see Maure v Fordham Motor Sales, 98 Misc 2d 979; Third-Party Beneficiaries of Warranties Under UCC Section 2-318, Ann., 100 ALRSd 743.)
This court would also reject any contention that the elimination of privity should apply to cases involving personal injury. Any commonsense reading of section 2-318 of the Uniform Commercial Code and related sections supports applicability of prior privity elimination to property damage as well as economic or commercial losses, where the manufacturer or seller of goods could reasonably have expected the injured or damaged person to use, consume or be affected by the goods. (Contra Hole v General Motors Corp., 83 AD2d 715; Maure v Fordham Motor Sales, 98 Misc 2d 979, supra; but see the excellent discussion in Mendelson v General Motors Corp., 105 Misc 2d 346, 349).
However, there is no need to reach any decision, with respect to the elimination of privity, as this court finds that the postpurchase actions by defendant, gave rise to a contractual privity relationship with plaintiff, which overcame any original purchase gap in privity. At the time of purchase plaintiff was issued defendant’s “Temporary Registration Card” by defendant’s authorized dealer. Thereafter, defendant forwarded to plaintiff an “Owners Registration Card”, signifying proof of ownership, date of purchase, product usage “pleasure”, model number, serial number, registration number, dealer/code, entitlement to warranty coverage, etc. All of this was incidental to the purchase of defendant’s engine, and entails contractual and service .commitments by defendant to plaintiff, the ultimate purchaser.
Plaintiff has the burden of proof to establish the existence of any implied warranties, (1) that the outboard was “fit for the ordinary purposes for which such goods are used”, in order to satisfy the implied warranty of merchantability under section 2-314 (subd [2], par [c]) of the Uniform Commercial Code (24 ALRSd 456); and (2) the implied warranty of fitness for a “particular purpose” as provided for in section 2-315 of the Uniform Commercial Code (Fox v Corning Glass Works, 81 AD2d 826).
*380 This court believes that the circumstances surrounding the purchase of the “outboard” for “Pleasure Use” and its registration for such purpose by defendant gives rise to both an implied warranty of merchantability and an implied warranty of fitness for a particular purpose. (Pleasure Use.) These double warranties exist and recovery may be based on either or both warranties. (See Uniform Commercial Code: Implied Warranty of Fitness For Particular Purpose as Including Fitness For Ordinary Use, Ann., 83 ALR3d 656; What Constitutes “Particular Purpose” Within Meaning of UCC § 2-315 Dealing with Implied Warranty of Fitness, Ann., 83 ALR3d 669.) The plaintiff having established to the court’s satisfaction the existence of both warranties, the defendant has a shifted burden to establish an exclusion or modification of these implied warranties under section 2-316 of the Uniform Commercial Code, by way of defense or disclaimer.
The trial record indicates that defendant has not established any defense or disclaimer by any credible evidence. Defendant although familiar with the facts and circumstances of plaintiff’s purchase presented nothing to tie plaintiff’s purchase with any specific document of limitation, exclusion or modification. (Uniform Commercial Code, § 2-316.)
In addition, plaintiff has the burden of proving that these implied warranties were breached. This court finds that plaintiff did satisfy that requirement. Plaintiff made an “out of box” purchase, without any “predelivery service.” Engine problems began immediately following use, and have persisted to date. Therefore, it can be reasonably inferred that plaintiff’s problems stemmed from the defendant manufacturer’s breach of implied warranties of merchantability and fitness. (See Codling v Paglia, 32 NY2d 330; Fox v Corning Glass Works, 81 AD2d 826, supra.) Further, the testimony of plaintiff’s expert as to design and assembly defects went unchallenged by any engineering or mechanical testimony (see Products Liability: Modern Cases Determining Whether Product is Defectively Designed, Ann., 96 ALR3d 22). Any posttrial information submitted by defendant, concerning the propriety of design *381 and/or assembly cannot be considered. (Ziehm v State of New York, 270 App Div 876, supra.)
Having determined the existence without limitation of implied warranties and their breach by defendant the court must now turn to the issue of damage.
DAMAGES
Section 2-714 of the Uniform Commercial Code (buyer’s damages for breach in regard to accepted goods) covers this situation. Plaintiff accepted the "outboard engine” following purchase. The evidence indicates he gave defendant notice within a reasonable time after discovery of breach. (Uniform Commercial Code, § 2-607, subd [3], par [a]), therefore, plaintiff may recover damages for any nonconformity and loss from the defendant’s breach as determined in any reasonable manner. (Uniform Commercial Code, § 2-714, subd [1].) Section 2-714 of the Uniform Commercial Code in relevant portion states:
“(2) The measure of damages for breach of warranty is the difference at the time and place of acceptance between the value of the goods accepted and the value they would have had if they had been as warranted, unless special circumstances show proximate damages of a different amount.
"(3) In a proper case any incidental and consequential damages under the next section may also be recovered.”
Section 2-715 states in total:
“Buyer’s Incidental and Consequential Damages
“(1) Incidental damages resulting from the seller’s breach include expenses reasonably incurred in inspection, receipt, transportation and care and custody of goods rightfully rejected, any commercially reasonable charges, expenses or commissions in connection with effecting cover and any other reasonable expense incident to the delay or other breach.
“(2) Consequential damages resulting from the seller’s breach include
“(a) any loss resulting from general or particular requirements and needs of which the seller at the time of contracting had reason to know and which could not reasonably be prevented by cover or otherwise; and
*382 “(b) injury to person or property proximately resulting from any breach of warranty.” (And see Buyers Incidental and Consequential Damages From Sellers Breach under UCC Section 2-715, Ann., 96 ALR3d 299.)
CONCLUSION
Accordingly, plaintiff is entitled to recover damages, based upon the credible evidence, which shall include:
Purchase Price - $ 504.00
Repair Reimbursement - 290.37
Consequential Damages - 250.00
Total - $1,004.37