■ WILLIAM BRANDON et al., Respondents, v CATERPILLAR TRACTOR CORPORATION, Appellant, et al., Defendant.—In an action to recover damages for personal injuries, etc., based, *inter alia,* on negligence and breach of warranty, the defendant Caterpillar Tractor Corporation appeals from an interlocutory judgment of the Supreme Court, Nassau County (Kelly, J., at trial on liability; Levitt, J., at trial on damages), entered November 15, 1984, which, *inter alia,* upon a jury verdict on the plaintiffs' negligence cause of action apportioning fault in the happening of the accident at 53% on the part of the defendant Caterpillar Tractor Corporation, 34% on the part of the defendant H. O. Penn Machine Co., and 13% on the part of the plaintiff William Brandon, and upon a jury verdict on

the plaintiffs' strict liability cause of action, adjudged it to be liable to the plaintiff under both causes of action.

Ordered that the interlocutory judgment is reversed, on the law and as an exercise of discretion, and a new trial is granted, with costs to abide the event.

During the course of the trial of this products liability action, involving the explosion of a bulldozer, several errors were committed which, in our view, served to deprive the appellant of a fair trial. Reversible error was committed when the trial court, over the appellant's objections, charged that the jury could infer that the product was defective based upon the circumstances surrounding the happening of the accident and that it could similarly infer that the product was defective at the time it left the manufacturer's hands. While the existence of a defect may be proven circumstantially *(see, e.g., Halloran v Virginia Chems.,* 41 NY2d 386; *Iadicicco v Duffy,* 60 AD2d 905), the delivery of a res ipsa loquitur type charge is inappropriate where the evidence, as here, is as equally consistent with nonliability as it is with liability *(see, Halsey v Ford Motor Co.,* 24 AD2d 826, *affd* 19 NY2d 664; 1 NY PJI 2d 141.1). "[W]hen evidence is offered that an accident had occurred during the normal use of a product and that the product had not been damaged or misused since it left the manufacturer's control, a trier of the facts will be permitted to infer that a defect existed when the product left the manufacturer's control. *However, once this inference has been countered, the plaintiff must come forward with some direct proof of the cause of the accident. Otherwise, any verdict which may be rendered in favor of the plaintiff will be based on pure conjecture as to the cause of the accident and, as such, cannot be allowed to stand" (Fox v Corning Glass Works,* 81 AD2d 826 [emphasis added]). A res ipsa charge is, therefore, appropriate where the circumstances not only permit an inference that there is a defect, but where the evidence also supports the inference that the defect existed at the time the product left the manufacturer's hands *(see, Tully v Empire Equip. Corp.,* 28 AD2d 935; Weinberger, New York Products Liability § 20.04).

In the matter at bar, the product which is alleged to be defective was approximately eight years old at the time of the accident, and the defendants offered substantial proof that the accident was attributable to ordinary "wear and tear" as well as poor maintenance. It was, therefore, erroneous for the court to have instructed the jury that it could infer the existence of a defect from the mere happening of the accident, given the age of the product coupled with the fact that the

plaintiff failed to "[exclude] all causes of the accident not attributable to [the] defendant" *(Halloran v Virginia Chems., supra,* p 388; *see, Shelden v Hample Equip. Co.,* 89 AD2d 766, *affd* 59 NY2d 618). Moreover, it appears, in fact, that the product had been safely used for a period of eight years, and that approximately three months before the accident occurred, an engineer employed by the product's distributor, the defendant H. O. Penn Machine Co., made certain physical modifications to the machinery, including the installation of guards on the bulldozer's hydraulic steering suction line and the installation of a new relief valve on the hydraulic reserve tank. It is also significant that the plaintiffs proceeded upon a theory of liability which was premised on the allegation of a specific design defect involving those parts of the product upon which subsequent modifications had been made. In view of the fact that the appellant identified and offered a viable explanation as to the cause of the explosion which was in no way connected to the design of the product, the delivery of a charge such as the one in dispute at bar constituted error *(see also, Blair v Martin's,* 78 AD2d 895).

In addition to the foregoing, the trial court further erred in failing to instruct the jury that certain service letters, also referred to as Product Improvement Program bulletins, which had been issued by the appellant, were admitted into evidence solely for the limited purpose of ascertaining whether the appellant breached its duty to warn the plaintiff of certain risks which were discovered after the date of manufacture, and could not be considered as constituting evidence of the existence of a design defect *(see, Cover v Cohen,* 61 NY2d 261). Under the circumstances disclosed by the present record, there is a substantial likelihood that these documents were impermissibly considered by the jury as direct evidence of a defect in the design of the product. Pursuant to the principles set forth in *Cover v Cohen (supra),* the jury should have been advised that these documents were relevant solely with respect to the plaintiffs' claim that the appellant did not fulfill its continuing duty to warn of subsequently discovered risks and hazards or with regard to the issue of the feasibility of alternative designs.

Finally, the trial court erred in refusing to admit into evidence the service manual that was originally delivered with the product when it was initially sold. This manual, regardless of whether it was ever received by the plaintiff or his employer, was probative on the issue of the degree of care exercised by the appellant in advising of known hazards and

was, therefore, relevant to the issue of the appellant's alleged failure to warn.

In view of the foregoing errors, we conclude that the appellant is entitled to a new trial and the interlocutory judgment appealed from must, accordingly, be reversed. Lazer, J. P., Bracken, Weinstein and Eiber, JJ., concur.