■ ARTHUR NARCISO et al., Respondents, v FORD MOTOR COMPANY, Appellant.—In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Suffolk County (Luciano, J.), entered April 15, 1987, which denied its motion for summary judgment.

Ordered that the order is affirmed, with costs.

It is alleged in this action that the defendant Ford Motor Company (hereinafter Ford) is liable to the plaintiffs for the injuries suffered by the plaintiff Arthur Narciso after a van manufactured by Ford spontaneously shifted its gear from "PARK" to "REVERSE". Ford made a motion for summary judgment, based upon the supporting affirmation of its counsel, as well as various exhibits, including an affidavit of an engineer. This engineer, in his affidavit, suggested various explanations for how a van such as the one involved in this case could have moved backward, even when the operator of the van thought that the van had been placed in "PARK". The court denied the motion and we now affirm.

Ford's motion for summary judgment is premised on the argument that the "plaintiff cannot establish all the essential elements of his cause of action". However, the rule has been established that "the existence of a defect may be proven circumstantially" (Brandon v Caterpillar Tractor Corp., 125 AD2d 625, 626; see also, Halloran v Virginia Chems., 41 NY2d 386; Iadicicco v Duffy, 60 AD2d 905). The fact that the defendant might counter the inference that the van had a design or manufacturing defect by suggesting various other explanations for the occurrence does not make the defendant entitled to summary judgment. Such proof merely increases the strength of Ford's case, and weakens the force of inference that the van in question was defective at the time it left Ford's hands.

The plaintiffs have no duty to lay bare their proof until Ford has made a showing of its entitlement to judgment as a matter of law. "The proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact * * * *(see, Zuckerman v City of New York,* 49 NY2d 557, 562; *Sillman v Twentieth Century-Fox Film Corp.,* 3 NY2d 395, 404). Failure to make such showing requires denial of the motion, regardless of the sufficiency of the opposing papers *(Matter of Redemption Church of Christ v Williams,* 84 AD2d 648, 649; *Greenberg v Manlon Realty,* 43 AD2d 968, 969)" *(Winegrad v New York Univ. Med. Center,* 64 NY2d 851, 853). In the present case, the defendant Ford, in its motion, focuses on the alleged deficiencies in the plaintiffs' proof; however, Ford itself never submitted evidence constituting a prima facie showing that, as a matter of law, the van in question was not defective at the time it left Ford's hands.

For the foregoing reasons, Ford failed to prove its entitlement to judgment as a matter of law, and its motion for summary judgment was properly denied. Bracken, J. P., Kunzeman, Spatt and Harwood, JJ., concur.