OPINION OF THE COURT
Lewis R. Friedman, J.
New York has "one of the most efficient and effective small claims court systems in the nation” (US Chamber of Commerce, Model Consumer Justice Act, Proposed Model Small Claims Act for State Legislatures, at 45 [1976]). It is a system noted for its ability to provide, at little cost to the litigant, speedy justice for the citizen who asserts a legal wrong. Complicated procedures are avoided; lawyers for claimants are generally unnecessary. "In petty causes there ought to be no expensive advocacy” (Pound, The Administration of Justice in the Modern City, 26 Harv L Rev 302, 319 [1913]).
When New York first enacted a simplified procedure for *340 "small claims” in 1934 (L 1934, ch 598), it followed the rules and statutes previously adopted in Cleveland, Ohio, and the States of Massachusetts and California. The "advantages of these small claims courts may be summarized as follows * * * 5. They use simple procedure yet their decisions are based on substantive law.” (Report of Commn on Administration of Justice in NY State, 1934 NY Legis Doc No. 50, at 29.) While the original $50 jurisdictional limit (former Municipal Court Code § 179) has been raised to $2,000 (CCA 1801),[1] the concept of a simplified process for quick dispositions remains. The original Municipal Court Code provided that the court should do "substantial justice between the parties according to * * * substantive law and shall not be bound by statutory provisions or rules of practice, procedure, pleading or evidence” (former Municipal Court Code § 182). That language is continued, unchanged in the current statute (CCA 1804). Evening sessions began in New York City in 1954; since 1979 they are required in every court with small claims jurisdiction (see, CCA 1802). Now, the courts are more convenient to the litigants and better able to manifest the. small claims "underlying philosophy — quick, simple and inexpensive justice” (Levins v Bucholtz, 208 Misc 597, 599 [App Term, 1st Dept]).
Cases in small claims courts should yield the same substantive result as in other courts; however, sometimes different decisions may obtain as a result of the informal small claims process (Levins v Bucholtz, 208, Misc, supra, at 600-601; see, Bierman v City of New York, 60 Misc 2d 497, mod sub nom. Bierman v Consolidated Edison Co., 66 Misc 2d 237, 238 [App Term, 1st Dept]). In small claims cases "rules of practice, procedure, pleading and evidence [are] greatly relaxed” (Laveline v Long Is. R. R. Co., 106 Misc 2d 814, 815; Falker v Chrysler Corp., 119 Misc 2d 375, 377).
The court must consider, in the context of the purposes of the small claims procedure, defendant’s motion, pursuant to CPLR 3211 (a) (7), to dismiss for failure to state a cause of action. The motion presents a question which has not been *341 discussed in the reported cases — the extent to which accelerated judgment motions are, or should be, available in small claims actions.
The analysis starts with the oft-repeated premise, that the small claims statutes were "designed to facilitate the handling of minor claims and grievances without requiring the parties to resort to the use of counsel” (Buonomo v Stalker, 40 AD2d 733; Mutual Life Ins. Co. v Cassiere, 102 Misc 2d 395, 397). In small claims cases at least one party cannot be represented by counsel. "In the Civil Court, if both sides are represented, the case may not be heard under small claims procedures (see, Uniform Rules for Trial Cts, 22 NYCRR 208.41 [f]).”[2] (Meister v Engine Trans. Corp., 138 Misc 2d 880, 882.)
Motion practice, of necessity, carries with it the technicalities of "regular” cases. When a motion is made, the lay litigant, without knowledge of the rules of procedure, is at a substantial disadvantage. As a movant, a lay litigant is often not aware of court formalities, such as proper notice of motion, thus unintentionally adding delay and confusion to the case. In responding to a motion by counsel, the lay litigant is left floundering in a sea of papers and legal jargon. One of the hallmarks of the New York small claims procedure is the absence of "[l]egal niceties of procedure” (Note, How to Defeat the Jurisdiction (and Purpose) of Small Claims Court for Only Fifteen Dollars, 44 Brooklyn L Rev 431, 433-434 [1978]). Technical rules only thwart the proper function of small claims courts (King, Small Claims Practice in the United States, 52 St John’s L Rev 42, 63 [1977]). For those reasons, motion practice "is generally discouraged” (Clegg v Bon Temps, 114 Misc 2d 805, 809).
The rule precluding motions is particularly applicable to motions to dismiss for failure to state a cause of action. "Initially, the sole criterion is whether the pleading states a cause of action, and if from its four corners factual allegations are discernable which taken together manifest any cause of action cognizable at law a motion for dismissal will fail” (Guggenheimer v Ginzberg, 43 NY2d 268, 275).
A small claims pleading is not drawn by the litigant. There *342 shall be no pleading "other than a statement of his cause of action by the claimant or someone in his behalf to the clerk, who shall reduce the same to a concise, written form and record it in a docket kept especially for such purpose”; the clerk sends the "notice of such claim” to the defendant to commence the action (CCA 1803 [a]). This informal, simplified "notice of claim” procedure was an essential new feature of the original 1934 statute (Note, Legislation — Small Claims Courts, 34 Colum L Rev 932, 937 [1934]). It is inconsistent with the legislative mandate for the court; to entertain written motions addressed to the face of a pleading drafted by the clerk of the court. As the Court of Appeals has repeatedly taught, the only question under CPLR 3211 (a) (7) is whether, on its face, the pleading is sufficient (see, e.g., Rovello v Orofino Realty Co., 40 NY2d 633, 635, 636; ATI, Inc. v Ruder & Finn, 42 NY2d 454, 461; Guggenheimer v Ginzberg, 43 NY2d, supra, at 275).
Here, the full text of the claim is: "$733.00 Action to recover monies arising out of services not rendered for monies paid”. Clearly, that is adequate under the liberal pleading rules applicable to small claims proceedings. The claimant does not "have to allege a specific theory or count” in order for the pleading to be sufficient (Faby v Air France, 113 Misc 2d 840, 841). The statute even authorizes the "notice of claim” to be based on the hearsay statement to the clerk of "someone” acting on behalf of the claimant (CCA 1803 [a]).
Defendant has submitted affidavits describing the incident and contending that claimant’s damage was not reasonably foreseeable. Since the court has not converted the motion into one for summary judgment (CPLR 3211 [c]), the defendant’s affidavits "are not to be examined for the purpose of determining whether there is evidentiary support for the pleading” (Rovello v Orofino Realty Co., 40 NY2d, supra, at 635). The claimant’s affidavits are received for the "limited purpose” of remedying defects in the pleading. This is not one of those exceedingly rare cases where claimant’s affidavits "establish conclusively that [he] has no cause of action” (Rovello v Orofino Realty Co., 40 NY2d, supra, at 636).
Absent extraordinary circumstances, there is no reason for the court to entertain a pretrial motion to dismiss a pleading for legal insufficiency in a small claims case. Such motions only delay the case. The vast majority of these cases is disposed of on the first court appearance. Motions typically require at least one adjournment. Cases can be definitively *343 resolved in far less time, if issues are tried on the merits rather then dealt with as pleading questions.
Indeed, the singular reported case involving a motion to dismiss is a good example of the extraordinary situation where a pretrial motion to dismiss may be used. The issue of whether the claim was precluded by a union contract which required arbitration required a disposition prior to trial (Albert v City of New York, 101 Misc 2d 356, revd 103 Misc 2d 962 [App Term, 1st Dept]). Obviously, if a court proceeding may not be brought, the matter should not go to trial (cf, CPLR 7503 [a]).
Simply put, motions to dismiss under CPLR 3211 (a) (7) are rarely, if ever, applicable to small claims cases. They should be dismissed as improperly made without reaching their merits.
Even if CPLR 3211 (a) (7) motions are proper, they should never be "converted” to summary judgment motions pursuant to CPLR 3211 (c). A summary disposition is available if there is a prompt trial of the case. Nothing is gained by the summary judgment procedure. In fact, lay litigants may unintentionally comprise their legal position when they submit factual affidavits. This case, as do most small claims cases, fulfills the prediction of the 1934 Commission on the Administration of Justice — it involves only disputed issues of fact.
Defendant’s motion is dismissed. The clerk shall notify the parties of the date of the trial.

. The small claims procedure currently exists by identical sections in each of the acts governing the courts of limited jurisdiction (e.g., UCCA 1801; UDCA 1801; UJCA 1801). The rules for the courts are, with minor deviations, also the same. Since the language and section numbers of these acts are identical, this opinion, for ease of reading, refers only to sections of the CCA. Decisions interpreting any of these statutes may be used to interpret the others (see, e.g., Meister v Engine Trans. Corp., 138 Misc 2d 880).

. Different rules apply in other courts with small claims jurisdiction; in those courts representation of both sides by counsel does not mandate a transfer of the case to the "regular” part of the court (see, Uniform Rules for Trial Cts [22 NYCRR] §§ 210.41 [applicable to City Courts], 212.41 [applicable to District Courts], 214.10 [applicable to Justice Courts]).