■ LORI S. ROSSEN, Appellant, v GREG M. GOON et al., Defendants, and TRAILMOBILE, INC., Respondent.—Mikoll, J. Appeal from an order and judgment of the Supreme Court (Rose, J.), entered July 28, 1988 in Tioga County, which granted the motion of defendant Trailmobile, Inc. for summary judgment dismissing the complaint against it.

Plaintiff was a passenger in a car operated and owned by defendant Greg M. Goon. Goon testified that he failed to notice a tractor trailer manufactured by defendant Trailmobile, Inc. and struck it in the rear. On contact, the bumper of the trailer was pushed in and the hood of plaintiff's vehicle was sprung and went under the trailer, causing the hood to go through the windshield of the car and resulting in serious injury to plaintiff. In addition to her claims against, among others, the operators of the vehicles involved in the accident, plaintiff has asserted causes of action in negligence, strict products liability and breach of warranty against Trailmobile. Plaintiff contends that Trailmobile's negligence arose from a defect in the trailer bumper which gave on contact with the Goon vehicle, causing the vehicle she was riding in to underride the trailer. Trailmobile moved for summary judgment dismissing the complaint against it, claiming that plaintiff has failed to present any evidence that the tractor trailer was defective in any way that proximately caused her injuries.

Supreme Court found that plaintiff had not presented a standard which could be applied in evaluating her claims that the rear bumper of the trailer did not perform as intended and was defectively designed. Further, the court determined that plaintiff had not raised a triable issue of fact as to negligence in that it was not shown that Trailmobile owed a duty to plaintiff which it violated. Consequently, the court granted Trailmobile's motion and dismissed the complaint against it.

On a motion for summary judgment, the court is not to determine whether a party will ultimately prevail; rather, the court should determine whether a factual issue exists or if,

arguably, there is a genuine issue of fact which requires a trial *(Barr v County of Albany,* 50 NY2d 247). Where, as here, Trailmobile made a prima facie showing of its entitlement to judgment, plaintiff had the burden of proof in establishing the existence of a triable issue of fact *(see, Narcisco v Ford Motor Co.,* 137 AD2d 508, 509).

On the question of design defect of the trailer bumper, no standard was put before Supreme Court except for 49 CFR 393.86 (e), which calls for trailer manufacturers to build their trailers so that either the rear wheels or a "substantially constructed" and "firmly attached" bumper be placed so that another vehicle colliding at the rear will not underride the trailer. There is no proof that Trailmobile violated this standard. According to its operator, the trailer was new and in good condition. Plaintiff failed to provide any alternative as to how Trailmobile should have acted or how a different design would have prevented the accident *(see, Voss v Black & Decker Mfg. Co.,* 59 NY2d 102, 108). Since plaintiff failed to demonstrate that a triable issue of fact existed as to Trailmobile, Supreme Court properly granted Trailmobile's motion for summary judgment.

Order and judgment affirmed, with costs. Mahoney, P. J., Weiss, Mikoll, Levine and Mercure, JJ., concur.