*836 OPINION OF THE COURT
John B. Garrity, J.
Defendant, by an amended notice of motion dated May 13, 2008, supported by the affirmation of Rena O’Connor, Esq., dated February 22, 2008, seeks an order dismissing plaintiffs small claims action on several grounds, including lack of subject matter jurisdiction. Plaintiff, proceeding pro se, submitted a response dated March 18, 2008 from Ron Figueroa. Defendant has submitted a reply affirmation from Rena O’Connor, Esq., dated April 16, 2008. The court having duly deliberated on the motion, finds and determines as follows:
Dismissal for Lack of Jurisdiction
Plaintiff has brought the instant small claim seeking to recover day care expenses in the amount of $4,824 paid to the defendant, his ex-wife, claiming that their son never received day care services. The defendant moves to dismiss the action, claiming, in part, that this court lacks jurisdiction to hear the matter and that the Family Court has exclusive jurisdiction over any proceedings involving support.
Section 411 of the Family Court Act provides that the Family Court retains exclusive jurisdiction over proceedings for support or maintenance.
Uniform City Court Act § 1801 provides that a small claim may be brought for any cause of action for money not to exceed $5,000 provided that the defendant either resides, or has an office for the transaction of business or a regular employment, within the county. The goal of small claims courts is to provide a simplified and expeditious manner for claims to be heard “without the burden of being bound by statutory rules of practice, procedure, pleading and evidence.” (Celona v Celona, NYLJ, Mar. 25, 1994, at 36, cols 2, 3, citing MacCollam v Arlington, 94 Misc 2d 692 [1978]; Weiner v Tel Aviv Car & Limousine Serv., 141 Misc 2d 339 [1988]; Harding v New York State Teamsters Council Welfare Trust Fund, 60 AD2d 975 [1978], lv dismissed 44 NY2d 641 [1978].) Lawyers are discouraged from participating in small claims courts because their participation invariably causes delay. (Celona v Celona, NYLJ, Mar. 25, 1994, at 36, col 2.) Indeed, motion practice in small claims courts is discouraged. (Id., citing Weiner v Tel Aviv Car & Limousine Serv., 141 Misc 2d 339 [1988] [motion to dismiss for failure to state a claim is inappropriate]; Clegg v Bon Temps, 114 Misc 2d 805, 809 [Civ Ct, NY County 1982].)
*837 Here, the defendant has filed a motion to dismiss on several grounds, accompanied by 21 exhibits, alleging, in part, that the plaintiffs summons and complaint have failed to state a cause of action. Yet, specific pleading requirements and the rules of evidence do not apply to small claims courts (Selman v Appel’s Garage & Serv. Sta., 73 Misc 2d 581 [1973]; Dorfman v Bell, 86 Misc 2d 359 [Nassau Dist Ct 1976]), and motion practice is discouraged in this forum. (Celona v Celona, NYLJ, Mar. 25, 1994, at 36, col 2.) The defendant’s motion is substantial and has created an unwarranted delay in a judicial arena designed to be expeditious. Nevertheless, this court is constrained to address that portion of the motion which claims that this court lacks subject matter jurisdiction.
The parties’ judgment of divorce (which incorporates by reference the separation agreement) provides that the Supreme Court and Family Court retain jurisdiction over all matters for purposes of
“enforcing such of the provisions of that Separation Agreement as are capable of specific enforcement, to the extent permitted by law, and of making such further judgment with respect to maintenance, support, custody or visitation as it finds appropriate under the circumstances existing at the time application for that purpose is made to it, or both.” (Exhibit A of defendant’s motion [emphasis added].)
Child support is defined as a “sum to be paid pursuant to court order or decree by either or both parents or pursuant to a valid agreement between the parties for care, maintenance and education of any unemancipated child under the age of twenty-one years.” (Family Ct Act § 413 [1] [b] [2] [emphasis added].)
The separation agreement (at 7), sets forth the parties’ obligations as to child care expenses under the subheading of “CUSTODY AND ALLOWANCE FOR THE CHILD,” and provides that the plaintiff is to pay one half of the cost of the wife’s employment related child care expenses. (Exhibit A of defendant’s motion.)
Generally, jurisdiction for matrimonial actions, including enforcement of a separation agreement, is in Supreme Court or Family Court. (Family Ct Act § 411 et seq.; Barone v Stern, NYLJ, Jan. 8, 1999, at 30, col 5.) Where a divorce has been granted, the judgment of divorce often reserves the power to *838 resolve disputes in Supreme Court or Family Court, as was done here. (Barone, supra.) Yet, Civil Court and Small Claims Court are not necessarily precluded from hearing claims arising out of matrimonial issues. (Barone, supra.) Here, since the judgment of divorce clearly sets forth that Supreme Court and Family Court shall retain jurisdiction over any further judgments or enforcement required with respect to issues set forth in the separation agreement, and child care expenses fall within the terms of the separation agreement, it is evident that those courts retain jurisdiction to hear this matter.
Even if this court did have jurisdiction to hear the matter, it would be precluded from doing so, under the doctrine of res judicata. This is because the plaintiff has previously raised this issue before the Family Court. Moreover, res judicata precludes not only those issues “ ‘actually litigated previously, “ ‘but also those which [might] have been’ raised in the former action.” ’ ” (Matter of Carella v Collins, 272 AD2d 645, 647 [3d Dept 2000].) It is well settled that, “where separate actions [are] instituted [by] the same parties in reference to the same subject-matter in courts having concurrent jurisdiction, the court which first obtains jurisdiction with adequate power to administer full justice should continue to exercise it.” (Colson v Pelgram, 259 NY 370, 375 [1932]; Caruso v Caruso, 63 Misc 2d 809 [Mount Vernon City Ct 1970].) Here, a review of the 21 exhibits attached to defendant’s motion plainly reveals that Family Court has spent several years adjudicating the defendant’s prior enforcement petitions and plaintiffs modification petitions with regard to child support, which, by definition, encompasses child care, and this issue has been raised in Family Court before. Since Family Court first obtained jurisdiction over this matter, and the judgment of divorce grants Family Court continuing jurisdiction over matters arising out of the separation agreement, it is patently clear that it retains exclusive jurisdiction. As well, judicial economy dictates it to be the logical forum for plaintiff to litigate this claim. Family Court is knowledgeable of the history of the case and there is a strong preference for having one judge decide all matters concerning the family before it. (George A. v Ivett A., 14 Misc 3d 622 [Sup Ct, Bronx County 2006].)
While this court finds the defendant’s motion to dismiss to have exceeded the appropriate practice acceptable for a small claims court and discourages such motion practice by attorneys, *839 the court agrees with the defendant in that this court lacks jurisdiction to hear the matter.
Therefore, for all of the foregoing reasons, it is hereby ordered that the plaintiffs small claims action is dismissed.