ESTHER MIETEIKA, Plaintiff, *v.* H. J. F. MINDERMAN, Defendant.

County Court, Bronx County, May, 1922.

Practice — County Court — security for costs — plaintiff who moves into county during action not entitled to have her undertaking for costs canceled.

Under section 1522 (A-1) of the Civil Practice Act the plaintiff in a County Court action, in order to avoid the necessity of giving security for costs, must reside in that county at the commencement of the action.

Where the plaintiff in a County Court action, having complied with an order requiring her to file security for costs on the ground that she is a non-resident of the county in which the action was brought, moves into said county, her motion to vacate and set aside said order will be denied.

MOTION to set aside an order requiring plaintiff to give security for costs.

*Arthur A. Henning,* for plaintiff.

*Smith, Hoymsfeld & Weiss,* for defendant.

GIBBS, J. On or about January 6, 1922, an order was entered in this action requiring the plaintiff to give security for costs on the ground that plaintiff was a non-resident of Bronx county. Thereafter, in compliance with the order, an undertaking was approved by this court and filed. Plaintiff has since moved into the county of Bronx and now seeks to vacate and set aside the order requiring him to file security for costs.

Section 1522 of the Civil Practice Act provides as follows:

" The defendant in an action brought in a court of record may require security for costs to be given:

" A. Where the plaintiff, when the action was commenced, either was

" 1. A person residing without the state; or, *if the action is brought in a county court,* except in the counties of Albany, Kings, Queens, Rensselaer and Richmond or in the city court of the city of New York, the city court of Yonkers or the city court of Albany,

*residing without the city or county, as the case may be, wherein the court is located  \*  \*  \* "*

It is evident that plaintiff must reside in the county in which the action is brought at the time it is commenced in order to avoid the necessity of giving security for costs. To move into the county after suit has been instituted will not cure the situation. There have been very few cases in the state of New York on this proposition. In some states it has been held that the plaintiff will be relieved from the requirements of the order by moving into the county in which the action is pending. In *Ambler* v. *Ambler*, 8 Abb. Pr. 340, it was held that where the plaintiff did not reside within the jurisdiction of the court he was bound to file security for costs, and " even if he afterwards changed his residence the law makes no exception in that case."

Corpus Juris (vol. 15, p. 195) states, in substance, that where an order directs the plaintiff to file security for costs because he is a non-resident and he complies with the order and thereafter moves into the county where the action is pending, the order should not be vacated because he has already complied with it. So, in the case at bar, plaintiff has filed an undertaking in compliance with the order of January 6, 1922.

This order should not be vacated and set aside. The motion is denied, with ten dollars costs.

Settle order on notice.

Ordered accordingly.