STATE OF OHIO ex rel. I. J. FULTON, Superintendent of Banks, in Charge of the Liquidation of FARMERS' MERCHANTS' BANK OF BEAVERDAM, OHIO, Appellant, *v.* NATHAN SAAL and Others, Individually and as Copartners, Doing Business under the Firm Name and Style of SAAL BROS., Respondents, Impleaded with SAAL BROS., INC., Defendant. (Appeal No. 1.)*

Second Department, November 13, 1933.

*Arthur Block* [*Emil N. Baar* with him on the brief], for the appellant.

*Leo H. Klugherz*, for the respondents.

CARSWELL, J. The State of Ohio brought an action against three residents of New York to enforce an alleged civil liability arising in Ohio. The defendants procured an order requiring plaintiff to furnish security for costs by filing a bond for $250 or depositing that amount in court.

Plaintiff moved to vacate that order, on the theory that it is not a " person residing without the State " within section 1522 of the

* Leave to appeal to Court of Appeals denied, 264 N. Y. ——.

Civil Practice Act. From an order denying that motion it appeals.

The purpose of section 1522 is to enable defendants to require from every form of foreign entity, natural or corporate, security for costs where such a foreign entity invokes the process of our courts of record. Whether or not another State in the Union, therefore, is to be deemed a " person," within that section, is to be determined in the light of that purpose.

A judgment for costs against a foreign State would be unenforcible except with its consent. In such a case the consequence sought to be avoided by section 1522 would be more objectionable than that which ordinarily obtains when a foreign natural person fails of success in a domestic action against a New York defendant. A foreign corporation or natural person can be sued in its or his home jurisdiction *as of right;* a foreign State may not be so sued. The reasons for requiring a foreign State to give security are more cogent than those applicable to a foreign corporation or natural person.

There are decisions which hold that a State is not a person within particular statutes. All of them, however, were concerned with statutes which differ from section 1522. These other statutes evince a purpose which could not fairly be reconciled with holding a State to be a " person " within the meaning of those statutes. Here, however, the purpose of the statute is wholly consistent with a holding that the State of Ohio is a " person " within the meaning of section 1522 of the Civil Practice Act; indeed, such an interpretation is essential in order that its purpose may not be frustrated.

Section 37 of the General Construction Law defines a " person." That definition, however, is not exclusive (Gen. Const. Law, § 110; *Matter of Bronson*, 150 N. Y. 1, 5), and, therefore, it is not conclusive herein. Section 37 is inapplicable where the general object of the statute would be defeated or where " the context of the language construed " indicates that a different meaning was intended from that given in section 37. That is precisely the situation herein. The prime purpose of section 1522 of the Civil Practice Act is to protect defendants from groundless suits in courts of record in this State, prosecuted by foreign entities, natural or corporate, without property within this jurisdiction out of which a successful defendant may be made whole for his statutory costs.

This view is in accord with *Republic of Honduras* v. *Soto* (112 N. Y. 310). There a foreign nation was held to be a " person " within the statute which was the predecessor of section 1522 of the Civil Practice Act. The reasons there advanced for holding a foreign nation to be a " person " for the protection of defendants

apply with equal force to a foreign State. The difference between the two foreign entities does not justify any distinction between them so far as the applicability of section 1522 is concerned.

The order appealed from should be affirmed, with ten dollars costs and disbursements.

LAZANSKY, P. J., KAPPER, HAGARTY and DAVIS, JJ., concur.

Order denying plaintiff's motion to vacate an order requiring it to post security for costs pursuant to section 1522 of the Civil Practice Act affirmed, with ten dollars costs and disbursements.