COLGATE PALMOLIVE , PEET Co., Plaintiff, *v.* PLANET SERVICE CORPORATION and Others, Defendants.

Supreme Court, Special Term, Kings County, October 18, 1939.

*Weinshenker & Weinshenker*, for the plaintiff.

*Jacob N. Kleigman*, for the defendants.

SWEZEY, J. Motion to vacate *ex parte* order requiring the plaintiff to furnish security for costs is denied. The plaintiff's license to do business within this State authorizes it to sue in the courts of this State in like manner as where the action is brought by a domestic corporation *except as otherwise specially prescribed by law.* (Gen. Corp. Law, § 223.) Section 1522 of the Civil Practice Act requires that security for costs be furnished by foreign corporations and makes no exception in cases where the foreign corporation has procured the authorization to do business in the State. " The purpose of section 1522 is to enable defendants to require from every form of foreign entity, natural or corporate, security for costs where such foreign entity invokes the process of our courts of record." (*State of Ohio ex rel. Fulton* v. *Saal,* 239 App. Div. 420.) A foreign corporation may be licensed to do business within this State without any requirement that it possess property within this jurisdiction (Gen. Corp. Law, § 210.) Insurance corporations are required to make a deposit of certain funds with the Superintendent of Insurance. Consequently, the case of *Standard Marine Insurance Co., Ltd.,* v. *Verity* (243 App. Div. 639) is not decisive of the question presented on this motion.