Irving H. Saypol, J.
Motion for an order requiring the plaintiff to file an undertaking of security for costs is granted. It is acknowledged that plaintiff is a resident of Philadelphia, *884 Pennsylvania, and sues as statutory liquidator of a dissolved Pennsylvania insurance company, seeking to recover a judgment upon an amount levied as an assessment against defendant policyholders of said insurance company, pursuant to an assessment order and decree of the 'Court of Common Pleas of Dauphin County, Pennsylvania.
Plaintiff opposes the motion on two grounds: firstly, that she does not, suing in a representative capacity, come within the class of persons against whom security for costs must be given as of right (CPLR 8501, subd. la]); and, secondly, there is no occasion for a discretionary grant of security for costs (CPLR 8501, isutod. [ib]) since: (1) her financial ability, as Pennsylvania Insurance Commissioner, to respond for costs of the action, if necessary, is beyond dispute, and (2) the assessment levy bills prepared pursuant to the assessment order and decree are entitled to full faith and credit and enforcement thereof should not be burdened with onerous and improper conditions (i.e., the filing of undertakings for security for costs).
The court does not have occasion to pass upon the merits of plaintiff’s arguments addressed to this court’s discretionary power under OP'LR 8501 (subd. [b]), since the court determines that defendant proceeds herein as of right and that there is no occasion for the exercise of discretion.
Under the former Civil Practice Act, the appellate courts of our State were unalble to agree whether a nonresident suing in a representative capacity came within mandatory ¡security for costs provisions (Civ. Prac. Act, § 1522) or the discretionary provisions (Civ. Prac. Act, § 1523) (see, generally, 8 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 8501.23, especially, cases cited at n. 100-105 therein). There was no doubt, however, that the reference to “A person residing without the state ” in the mandatory provision (Civ. Prac. Act, § 1522) included a sovereign ¡sister State (Ohio ex rel. Fulton v. Saal, 239 App. Div. 420, 421, mot. for lv. to app. den. 264 N. Y. 465 [1934]), and presumably this would also include an individual official of a sister State judicially or statutorily empowered to prosecute such a suit. In all events, the basic scheme and ¡structure of the prior mandatory security for costs provision has been changed by 'CPLR 8501 (subd. [a]). Under section 1522 of the Civil Practice Act, security for costs was required only of a class of specifically enumerated persons, including “ A person residing without the state ” and foreign corporations ” not licensed to do business in New York. Arguably, a nonresident suing in a representative capacity was properly viewed as not coming strictly within either of these classes. *885 However, under 'CPLR 8501 (suibd. [a]), upon motion by a defendant as of right, ‘‘ the court or a judge thereof shall order security for costs to ’be given by the plaintiffs where none of them is a domestic corporation, a foreign corporation licensed to do business in the state or a resident of the state when the motion is made ”. ¡Since plaintiff concedes that she comes within none of the listed exceptions, defendants, as of right, are entitled to security for costs.