OPINION OF THE COURT
Beatrice S. Burstein, J.
This motion by plaintiffs for an order vacating a prior order of this court is disposed of as follows.
Two prior motions must be considered in this determination. The first, by order dated June 18, 1981 directed plaintiff Gary Sprauve, an out-of-State resident, to post security for costs. The second motion, made August 10, 1981, was unopposed. It resulted in an order dated September 11,1981, dismissing this action on the ground plaintiff had failed to comply with the prior order. The present motion was made while the second was pending (but neither party advised the court). In this motion plaintiff uncontrovertedly avers he became a New York State resident on July 1, 1981. Based upon this information, the court, on its own motion, recalls its order of September 11, 1981 dismissing this action. It now considers whether to vacate its direction that plaintiff post security or dismiss this action because plaintiff failed to do so.
Defendants claim this court is bound by the holding in Sanchez v City of New York (40 Misc 2d 181). In that case, a plaintiff who had been ordered to post security subsequently became a resident of this State. Nevertheless, the court refused to vacate its prior order directing the posting *46 of security. However, this court finds that such a result does not advance the relevant purposes of CPLR 8501 (subd [a]).
One of the underlying reasons for requiring a plaintiff to post security for costs is to assure that a successful defendant will be able to recover his statutory costs from the plaintiff. (See Third Prelim Rep of Advisory Comm on Practice and Procedure, p 443 [1959]; Ohio ex rel. Fulton v Saal, 239 App Div 420, mot for lv to app den 264 NY 465.) As one authority has noted, this requirement could have the undesirable effect of restricting access to the courts. Therefore, since one of the basic tenets of our system of administering justice is that the right to bring a lawsuit should not be impeded, security for costs should be mandatory only where strong public policy indicates it is necessary to do so; in other words, in cases in which the risk is high that the defendant may not be able to recover his costs without difficulty. (8 Weinstein-Korn-Miller, NY Civ Prac, par 8501.01.)
Since plaintiff is now a resident of this State, he is subject to an action for costs in this jurisdiction. Therefore, even without the posting of security for costs, defendant is protected to the same extent as he would have been had plaintiff been a resident prior to the commencement of this action. Defendants have not shown any other reason for requiring plaintiff to post security. Therefore, the court declines to follow the holding in Sanchez.
Accordingly, the prior order of this court dated June 18, 1981 directing plaintiff Gary A. Sprauve to post security is vacated, and defendants’ motion to dismiss this action on the ground plaintiff failed to post security is denied.