■ G.C.S. Co. et al., Respondents, v ARESCO, INC., et al., Appellants. — In an action, *inter alia,* to recover damages for fraud, defendants appeal from an order of the Supreme Court, Nassau County (Burstein, J.), entered October 15, 1981, which granted plaintiffs' motion to vacate a prior order of the same court directing the individual plaintiff to post security, and denied defendants' motion to dismiss this action made on the ground that the individual plaintiff failed to post said security. Order affirmed, without costs or disbursements. At the time plaintiffs brought this action, the individual plaintiff was not a resident of this State. Defendants moved pursuant to CPLR 8501 (subd [a]) for the posting of security and Special Term directed an undertaking of $250. When the individual plaintiff failed to post a bond within the time prescribed, Special Term, upon defendants' motion, dismissed the complaint and awarded costs to defendants. While that motion was still pending, the individual

plaintiff became a resident of New York. Thereafter, on plaintiffs' motion, Special Term vacated its prior order requiring the posting of a bond and denied the motion to dismiss. Although cases have reached the contrary result (e.g., *Sanchez v City of New York,* 40 Misc 2d 181; *Mieteika v Minderman,* 118 Misc 555), we agree with Special Term that the purpose of CPLR 8501 (subd [a]) is not furthered by requiring an undertaking from a plaintiff who later becomes a resident of this State. By directing a nonresident to post a bond, the defendant is protected from frivolous suits and is assured that, if successful, he will be able to recover costs from the plaintiff (*State of Ohio ex rel. Fulton v Saal,* 239 App Div 420, mot for lv to app den 264 NY 465). The individual plaintiff, by subsequently becoming a resident of New York, has obviated the necessity of an undertaking. Titone, J. P., Bracken, Niehoff and Boyers, JJ., concur.