OPINION OF THE COURT
Alan J. Saks, J.
Motion to preclude denied. Motion to require plaintiff to post security for costs granted and all proceedings stayed until security is posted.
Plaintiff, a foreign corporation not licensed to do business in New York, is an interstate trucking company. It sues to collect a $151.40 charge for shipping goods from Arizona to defendant, a Bronx firm.
The bill of particulars already served has an annexed invoice that answers all of the demands except No. 3. Although plaintiff should have responded that it does not have the information necessary to answer No. 3 (Schondorf v Stein-Tex, Inc., 28 AD2d 835), defendant’s motion to preclude is not based upon this omission. A minimum of $150 as security for costs is mandated when the plaintiff is an unlicensed foreign corporation. (CPLR 8501, subd [a]; CCA, § 1900.) The purpose of this is to insure that a defendant sued in New York on a groundless claim will be able quickly and easily to collect statutory costs. (State of Ohio ex rel. Fulton v Saal, 239 App Div 420.) Plaintiff claims that it is constitutionally immune from this requirement, because it is an interstate motor carrier of *518 freight; and that this requirement imposes an “undue burden on interstate commerce.” It states that it has complied with the licensing provisions of the Interstate Commerce Commission (ICC) by obtaining a certificate of public convenience and necessity. Compliance with the ICC licensing requirements includes the obtaining of insurance coverage for the protection of the public (49 CFR Part 1043) and the designation of agents upon whom process may be served (49 CFR Part 1044). There is no indication, however, that it carries insurance for litigation costs imposed on it as a plaintiff.
There is a presumption that the New York security requirement may be constitutionally applied to plaintiff, who thus has the burden of demonstrating to the contrary. Moreover, plaintiff cites no authority directly in point, nor does it specify in any detail how its interstate business would be materially disrupted if it had to comply with security requirements when it sues in the courts of States where it is unlicensed to do business.
Courts have consistently upheld State legislation that impacts incidentally upon interstate commerce, in the absence of a showing that Congress intended to pre-empt the field. (Swift & Co. v Wickham, 364 F2d 241, cert den 385 US 1036 [upholding State regulation of poultry industry despite Federal inspection laws]; Mobil Oil Corp. v Town of Huntington, 72 Misc 2d 530 [upholding local requirements and fees on the transfer of petroleum from vessels engaged in interstate commerce].) The test is whether the laws are unduly burdensome and unreasonable in scope. (Mobil Oil Corp. v Town of Huntington, supra.) Where the statute regulates a local activity and the effects on interstate commerce are only incidental, it will almost invariably be upheld. (Matter of Tuscan Dairy Farms v Barber, 45 NY2d 215, app dsmd 439 US 1040 [upholding nondiscriminatory State licensing of milk distributors].)
A prime objective of the State judiciary is to provide a forum for the fair resolution of civil claims. (See Third Annual Report of Chief Administrator of the Courts, NY Legis Doc, 1981, No. 90, p 1.) Resolution is not fair if the prevailing party cannot easily collect court-awarded costs. *519 The State also has an interest in seeking to prevent an already overburdened judiciary from being saddled with nonmeritorious causes. To these ends, among others, the State Legislature is given plenary power to regulate the operation of the judiciary. (NY Const, art VI, § 30.)
The impact of the requirement to post security for costs upon plaintiff is relatively insignificant. None of its trucks is excluded from the highways nor are other restrictions imposed that affect the movement of goods. In the instant case, the security requirement has become operative only after all the interstate activity has been completed.
Moreover, it is clear that, while plaintiff’s licensing by the ICC gives it the right to transport goods in interstate commerce, it does not confer any special rights regarding the use of the New York courts to enforce a claim arising out of that commerce.
Furthermore, the imposition of security for costs is not a discriminatory burden on unlicensed foreign corporations, because it is more than balanced by the costs and fees domestic and licensed foreign corporations have to pay the State of New York.
Plaintiff tries to make much of the contention that the $150 minimum is unreasonable in view of the size of its claim, which is only $151.40. In this regard plaintiff is in no different a position than a nonresident individual or corporation that is not engaged in interstate commerce. Moreover, while costs per se on dismissal of a $151.40 claim would be only $15,* the addition of taxable disbursements could make the total more substantial.
The undertaking for costs required by CPLR 8503 need not be that of a surety company. It may also be a covenant by a natural person (CPLR 2502) or it may take the form of a deposit (CPLR 2501). If the last method is used, the plaintiff shall supply the clerk with a certified check, cashier’s check, or bank or postal money order, which shall be payable to “Finance Administrator.” If a deposit is made, upon the termination of this action, the clerk is hereby directed to pay over to plaintiff any excess over and above the amount of costs and disbursements awarded to *520 defendant and to pay over to defendant such costs and disbursements as may have been awarded to defendant, upon ex parte application of either party.

 (CCA, 88 1901, 1902).