OPINION OF THE COURT
Lewis R Friedman, J.
This case raises several issues concerning costs in small claims proceedings which have not been addressed in the reported cases. Is a defendant entitled to costs if it prevails? May a defendant require the plaintiff to post security for costs?
Defendant moves for security for costs. The facts are undisputed. Plaintiff is a New Jersey resident who had an accident with defendant’s automobile in New York City. Defendant is a New York corporation represented by counsel.
CPLR 8501 (a) provides that "the court or a judge thereof shall order security for costs to be given by the plaintiffs where none of them is * * * a resident of the state when the *881 motion is made.” The statute, which is mandatory, permits relief to be granted ex parte and sets the minimum security at $250 (CPLR 8503). CPLR article 85 applies in this court "except that the minimum undertaking of CPLR § 8503 shall be $150 rather than $250 as therein provided” (CCA 1900).[1] No specific statute is stated to apply to small claims actions.
"One of the underlying reasons for requiring a plaintiff to post security for costs is to assure that a successful defendant will be able to recover his statutory costs from the plaintiff” (G.C.S. Co. v Aresco, Inc., 111 Misc 2d 45, 46, affd 88 AD2d 611; State of Ohio ex rel. Fulton v Saal, 239 App Div 420, 421). Security for costs is "a device ordinarily used against a nonresident plaintiff to make sure that if he loses the case he will not return home and leave defendant with a costs judgment that can be enforced only in plaintiff’s home state” (Siegel, NY Prac § 414). Security for costs also serves "to protect the defendant from irresponsible or abusive conduct; and to discourage the commencement of litigation for the purpose of harassment” (8 Weinstein-Korn-Miller, NY Civ Prac ¶ 8501.01; G.C.S. Co. v Aresco, Inc., 88 AD2d 611, 612, supra; 1959 Third Preliminary Report of Advisory Comm Prac and Pro, 1959 NY Legis Doc No. 17, at 443).
These policy goals are sound but must not unreasonably impede a plaintiff’s right of access to the courts. It is a basic tenet of American jurisprudence that plaintiffs should be accorded a nearly unimpeded right to commence suit. Since security for costs limits that right, "the provisions of Article 85 have on the whole been read narrowly” (8 Weinstein-Korn-Miller, NY Civ Prac ¶ 8501.01). Thus, the court should not extend the security article where it does not clearly apply.
Small claims procedures in this State are designed to provide a vehicle for speedy, inexpensive dispute resolution (see, CCA 1802, 1804; UDCA 1802, 1804; UCCA 1802, 1804; UJCA 1802, 1804). An analysis of the costs provisions applicable to this court and the other trial courts with small claims jurisdiction shows that security for costs is unnecessary and inappropriate in those proceedings since a successful defendant would not be entitled to have any costs taxed against a plaintiff.
Costs are allowed only where the prevailing party "has *882 appeared by attorney” (CCA 1902). Thus, a successful claimant represented by counsel would be entitled to recover costs based upon the amount of the judgment (CCA 1901 [a]; 1902 [a]). A pro se claimant would not be entitled to costs, nor would a pro se defendant. Where a defendant is represented by counsel, "defendant’s costs shall be those plaintiff would have recovered if plaintiff were awarded judgment as prayed for in his pleading” (CCA 1902 [c]). Where the plaintiff is pro se, and would, therefore, receive no costs, the represented defendant may not receive costs either. In the Civil Court, if both sides are represented, the case may not be heard under small claims procedures (see, Uniform Rules for Trial Cts, 22 NYCRR 208.41 [f]).[2] Therefore, at least in the New York City Civil Court, a defendant is not entitled to costs in a small claims proceeding under any circumstances.
The absence of any general provision for costs in the small claims article may well have been intentional. The filing fee is less than otherwise required in the court (CCA 1803). Discovery, with its attendant expenses, is unavailable (CCA 1804). Disbursements and expenses for the litigants are also minimal. Thus, the Legislature may well have intended there to be no costs for any party in small claims proceedings.
Indeed, the only provision for costs in the small claims article is the requirement that a party demanding a jury trial post an undertaking of $50 or deposit that sum with the clerk in order to secure the "other party” for costs (CCA 1806).[3] That provision applies only to defendants; a plaintiff may not demand a jury trial in a small claims proceeding (CCA 1806). Thus, a defendant must post security for costs which may be paid to a plaintiff, since after a jury trial, $25 costs may be awarded "to the plaintiff if he prevails” (CCA 1806). Conceivably, a represented defendant could post $50 security, demand a jury so that the pro se plaintiff would be entitled to $25 costs, and then argue that it would be entitled to costs under CCA 1902 (c); that scenario is absurd. No rational purpose is served by allowing such a convoluted procedure to justify requiring the plaintiff to post a $150 undertaking. Further, *883 the statutory reference to costs payable "to the plaintiff” is a legislative declaration that the additional $25 costs may not be paid to a successful defendant.
The court may award discretionary costs in an amount not to exceed $10 (CCA 1903 [i]) in any action, including small claims (Javeline v Long Is. R. R., 106 Misc 2d 814). However, that award is extraordinary and for such an insignificant amount that a mandatory $150 security for costs is an incongruous consequence. Security should not be required to protect a defendant against such an unlikely occurrence. None of the purposes for requiring security is served; instead, the possibility of an unusual circumstance would deny access to the expeditious small claims procedures for those filing actions against New York residents.
The court finds that the security for costs provisions of CPLR 8501 are inapplicable to small claims proceedings. The motion is denied.

. Identical provisions govern costs and security for costs in other courts with small claims jurisdiction: UDCA 1900 to 1903; UCCA 1900 to 1903; and UJCA 1900 to 1903.

. Different rules apply in other courts with small claims jurisdiction; representation by both sides does not generally require a transfer of the case to the regular part of the court in those courts (see, Uniform Rules for Trial Cts [22 NYCRR] §§ 210.41 [applicable to City Courts], 212.41 [applicable to District Courts], 214.10 [applicable to Justice Courts]).

. Similar provisions apply in the other courts: UDCA 1806; UCCA 1806; and UJCA 1806.