■ DARRELL MORSE et al., Appellants-Respondents, v JOEL R. STUDIN, Respondent-Appellant. [725 NYS2d 93] —In an action, *inter alia*, to recover damages for a violation of Civil Rights Law § 51, the plaintiffs appeal from so much of an order of the Supreme Court, Nassau County (Franco, J.), entered March 16, 2000, as denied their motion for partial summary judgment on the issue of liability, and the defendant cross-appeals from so much of the same order as denied his motion for partial summary judgment dismissing the plaintiffs' claim for punitive damages.

Ordered that the order is modified, on the law, by deleting the provision thereof denying the plaintiffs' motion for partial summary judgment on the issue of liability and substituting therefor a provision granting that motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, with costs payable to the plaintiffs.

The defendant is a plastic surgeon who performed three surgical procedures on the plaintiff Darrell Morse. He allegedly used "before and after" photographs of her in a "newsletter" mailed to his patients. The plaintiffs allege that these photographs were used for advertising purposes without written consent in violation of Civil Rights Law § 51.

"A name, portrait or picture is used 'for advertising purposes' if it appears in a publication which, taken in its entirety, was distributed for use in, or as part of, an advertisement or solicitation for patronage of a particular product or service" (*Beverley v Choices Women's Med. Ctr.,* 78 NY2d 745, 751). The plaintiffs established, as a matter of law, that the newsletter, taken in its entirety, was distributed as a solicitation for patronage of the defendant's medical practice (*see, Beverley v Choices Women's Med. Ctr., supra*). The defendant's contention that the newsletter was for educational purposes and therefore covered by the written consent forms executed by Morse are belied by the record, including the fact that each of the 4,000 copies that were mailed contained gift certificates entitling recipients to free consultations. Moreover, the defendant's contention that Morse orally modified her consent is insufficient to avoid liability under the statute (*see, Caesar v Chemical Bank,* 66 NY2d 698). Accordingly, the Supreme Court erred in denying the plaintiffs' motion for partial summary judgment on the issue of liability.

The Supreme Court correctly denied the defendant's cross motion for summary judgment dismissing the plaintiffs' claim for punitive damages. Whether or not the defendant knew or should have known that he lacked genuine consent to use the

photographs is an issue of fact (*see,* Civil Rights Law § 51; *Welch v Mr. Christmas,* 57 NY2d 143, 150).

The defendant's remaining contentions are without merit. Krausman, J. P., S. Miller, McGinity and Schmidt, JJ., concur.