OPINION OF THE COURT
Ralph A. Boniello, III, J.
This action was commenced by the filing of a summons and complaint on October 31, 2001, pursuant to the provisions of article 22 of the Executive Law and by the service of an order to show cause with a temporary restraining order attached with supporting affirmation from John F. McHugh, Esq., on November 8, 2001. In response, the defendant filed a notice of motion in opposition requesting that the court dismiss the plaintiff’s complaint on the grounds that the causes of action therein are barred by the statute of limitations and/or fail to state a cause of action asserting that article 22, section 632-a (3) of the Executive Law is unconstitutional. Thereafter, by letter dated January 22, 2002, the Office of the Attorney General requested that they be allowed to intervene to defend the constitutionality of the statute pursuant to Executive Law § 71 and CPLR 1012 (b).
This action is brought pursuant to Executive Law article 22, also known as the Son of Sam Law, by the plaintiff, Melanie Snuszki, the duly appointed administratrix of the estate of her mother, Peggy Anne Bannach Wright, who was murdered on January 22, 1988, by the defendant, Thomas Wright. Ms. Wright was survived by her two children, Ian Wright and Melanie Wright (now Snuszki). The defendant was convicted of murder in the second degree, a “specified crime” as defined in section 632-a (1) (e) (i) of the Executive Law and is incarcerated at Sullivan County Correctional Facility as an “inmate serving a sentence with the department of correctional services” as defined in section 632-a (1) (c) (i) of the Executive Law. The defendant received $25,000 as a settlement in an action brought by him against certain individuals employed by the New York State Department of Correctional Services on or about May 17, 2001. The monies that the defendant received fall within the scope of the statute, which states in pertinent part:
“Notwithstanding any inconsistent provision of the estates, powers and trusts law or the civil practice law and rules with respect to the timely bringing of an action, any crime victim shall have the right to bring a civil action in a court of competent jurisdiction to recover money damages from a person convicted of a crime of which the crime victim is a *492 victim, or the representative of that convicted person, within three years of the discovery of any profits from a crime or funds of a convicted person, as those terms are defined in this section.” (Executive Law § 632-a [3].)
Significantly, the statute was amended to define “funds of a convicted person” as meaning all funds and property received from any source by a person convicted of a specified crime (see, Executive Law § 632-a [1] [c]). The amendment was adopted on June 25, 2001. It is undisputed that the plaintiff is bringing this action within three years of the discovery of funds of the defendant.
The defendant contends that the statute is unconstitutional, in that it denies him access to the courts, violates his constitutional entitlement to equal protection of the law and substantive due process of the law. It is well settled that enactments of the Legislature are presumed to be constitutional and that the defendant bears the burden of demonstrating beyond a reasonable doubt that the statute is unconstitutional (Cohen v State of New York, 94 NY2d 1 [1999]; City of New York v State of New York, 76 NY2d 479 [1990]).
First, the defendant asserts that the statute inhibits his fundamental constitutional right to access of the courts because the statute creates a disincentive when only inmates exercise their right to present complaints and seek relief through the courts. In order to establish a violation of a right to access to the courts, the defendant must establish some “actual injury” (Lewis v Casey, 518 US 343 [1996]). In the instant case, there are no restrictions that have been placed on the defendant by the statute that prohibits him from pursuing legal relief against any alleged wrong that is committed against him now or in the future. The settlement monies that the defendant received were the result of an action brought pursuant to section 1983 of title 42 of the United States Code. The purpose in enacting section 1983 was not only to provide compensation to persons injured, but also to serve as a deterrent against future constitutional deprivations (Robertson v Wegmann, 436 US 584 [1978]). The fact that some or all of the monies that the defendant received may have to be used to satisfy a judgment against him in the future does not establish that he was not compensated for the wrong committed against him in the past or result in a benefit to the defendants against whom the action was brought. The statute does not strip the defendant of his settlement monies as his ownership interest therein *493 remains unchanged. Moreover, the court finds the defendant’s assertion that if a future judgment exceeds his current assets that he will have a disincentive to proceed with future litigation in the event that he becomes a victim again, effectively-hindering his access to the courts, is without merit. The court concludes that the defendant has failed to establish that his fundamental right to access to the courts has been adversely effected by the statute.
Next, the defendant contends that the statute violates his constitutional right to equal protection under the Constitutions of the United States and New York State (see, US Const 14th Amend; NY Const, art I, § 11). The law is clear that the right to equal protection of the laws continues despite incarceration (Shaw v Murphy, 532 US 223 [2001]). However, the constitutional rights that prisoners possess are more limited in scope than the constitutional rights held by individuals in society at large (id.). In analyzing an equal protection claim, a court must determine first whether the claim involves a suspect class or a fundamental right (Pryor v Brennan, 914 F2d 921 [7th Cir 1990]). In the absence of fundamental rights or a suspect classification, equal protection requires only that a classification which results in unequal treatment bear some rational relationship to a legitimate state purpose (French v Heyne, 547 F2d 994 [7th Cir 1976]). Defendant is not a member of a suspect class. The classifying of persons convicted of a crime as different from those who have not committed a crime has been held to be reasonable (Fuller v Oregon, 417 US 40 [1974]). Defendant’s access to the courts has not been hindered as previously stated nor has any other fundamental right of the defendant been violated. Defendant points to the statute’s provision regarding the time in which to bring an action as having the effect of extending or, as in the case at bar, of reviving the statute of limitations period. As a result, defendant argues that he is being selectively treated by the statute as opposed to other civil defendants where the statute of limitations period would eventually expire preventing an action from being brought. Significantly, there is no fundamental right to the protection of a state’s statute of limitations (Bendix Autolite Corp. v Midwesco Enters., Inc., 486 US 888 [1988]; Chase Sec. Corp. v Donaldson, 325 US 304 [1945]). Thus, the challenged statute is not to be subjected to strict judicial scrutiny, but, rather, to a rational basis standard of review where the general rule is that legislation is presumed to be valid and will be upheld if the classification drawn by the statute is rationally related to a *494 legitimate state interest (City of Cleburne, Tex. v Cleburne Living Ctr., 473 US 432 [1985]). Generally, any victim of a criminal act which causes injury has a right to seek legal relief. The statute herein simply allows the victim of a crime to pursue a cause of action against those who have harmed him or her at a time when such person actually has funds. Moreover, when social or economic legislation is at issue, the Equal Protection Clause allows the states wide latitude (id.). The court notes that while a prior version of the statute was found unconstitutional, the underlying policy in compensating victims of crime from the assets of the person who caused the harm has been recognized as a compelling state interest (Simon & Schuster, Inc. v Members of N.Y. State Crime Victims Bd., 502 US 105 [1991]). Consequently, the court finds that the extension of time provided for in the statute that allows victims of crime to bring an action within three years of discovering any funds of a convicted person is rationally related to a legitimate government interest.
Lastly, the defendant asserts that the statute violates his right to substantive due process. It is well established that “[s]ubstantive due process protects individuals against government action that is arbitrary, conscience-shocking, or oppressive in a constitutional sense, but not against government action that is incorrect or ill-advised” (Lowrance v Achtyl, 20 F3d 529 [2d Cir 1994] [citations omitted]). The first step in the substantive due process analysis is to identify the constitutional right at stake (id.). Here, the defendant contends that his fundamental right to access to the courts has been impermissibly and unnecessarily inhibited by the statute. The court has previously found that the defendant’s right to access to the courts has not been inhibited by the statute. Notwithstanding, the court concludes that there is nothing arbitrary, conscience-shocking or oppressive in permitting crime victims to seek compensation from those who have caused them injury once they discover that the person who harmed them has acquired assets. Moreover, the court’s conclusion is not altered by the fact that the statute may result in the extension or revival of the statute of limitations. Therefore, the court finds that the statute does not violate the defendant’s right to substantive due process.
Accordingly, the defendant’s motion to dismiss the plaintiffs complaint is denied in its entirety and section 632-a (3) of the Executive Law and the amendment therein is held to be constitutional. The court grants the plaintiffs request that the *495 $25,000 being held in the account of the defendant by the Warden of the Sullivan County Correctional Facility be paid into this court until the Crime Victims Board can take action within its mandate to protect this fund and that service of the order to show cause, the summons and complaint and the affirmation by Federal Express upon the prison be deemed adequate for all purposes is hereby granted.