■ VIVIAN SCARANGELLA et al., Respondents, v ANTHONY LABORDE, Also Known as ABDUL MAJID, Appellant, and ELIOT SPITZER, as Attorney General of the State of New York, Intervenor-Respondent. [784 NYS2d 878]—In an action, inter alia, pursuant to Executive Law § 632-a to recover damages for wrongful death, the defendant appeals from an order of the Supreme Court, Dutchess County (Brands, J.), dated June 20, 2003, which denied his motion to dismiss the complaint.

Ordered that the order is affirmed, with costs.

The defendant's contention that the 2001 amendments to Executive Law § 632-a violated his equal protection and due process rights is improperly raised for the first time on appeal *(see Cibro Petroleum Prods. v Chu,* 67 NY2d 806 [1986]; *Melahn v Hearn,* 60 NY2d 944 [1983]; *Matter of Coleman v Thomas,* 295 AD2d 508 [2002]; *Matter of Burkins v Scully,* 108 AD2d 743 [1985]). The defendant argued before the Supreme Court only that the amendments constituted an ex post facto violation, a claim which he has abandoned on appeal. In any event, the defendant's contention is without merit *(see Snuszki v Wright,* 193 Misc 2d 490 [2002], *affd* 1 AD3d 879 [2003]). Krausman, J.P., Goldstein, Luciano and Fisher, JJ., concur.

■ DOROTHY SCUDERA et al., Respondents, v RAHMAN MAHBUBUR et al., Appellants. [784 NYS2d 878]—In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Nassau County (Woodard, J.), entered April 22, 2004, which denied their motion for summary judgment dismissing the plaintiff's claim for punitive damages.

Ordered that the order is affirmed, with costs.

Under the circumstances of this case, the defendants failed to demonstrate their prima facie entitlement to summary judgment dismissing the claim for punitive damages *(see Morse v Studin,* 283 AD2d 622 [2001]). Therefore, the Supreme Court correctly denied the motion for summary judgment dismissing that claim.

The defendants' remaining contention is without merit. Florio, J.P., Krausman, Cozier and Rivera, JJ., concur.