[43 NYS3d 515]

Charmaine Clement, Appellant, v Thomas Durban et al., Respondents.

Second Department, December 21, 2016

---

**APPEARANCES OF COUNSEL**

*The Berkman Law Office, LLC*, Brooklyn (*Robert J. Tolchin* of counsel), for appellant.

*Zachary W. Carter, Corporation Counsel*, New York City (*Francis F. Caputo* and *Andrew John Potak* of counsel), for respondents.

**OPINION OF THE COURT**

DICKERSON, J.

Introduction

This appeal raises a constitutional issue of first impression in the appellate courts. CPLR 8501 (a) and 8503 require nonresident plaintiffs maintaining lawsuits in New York courts to post security for the costs for which they would be liable if their lawsuits were unsuccessful. On this appeal, we are asked to determine whether this requirement violates the Privileges and Immunities Clause of the United States Constitution (US Const, art IV, § 2). We hold that the statutes, insofar as they are challenged, do not deprive nonresident plaintiffs of reasonable and adequate access to New York courts, and thus, do not violate the Privileges and Immunities Clause.

Factual and Procedural Background

The plaintiff was a passenger in a vehicle that was involved in a collision with a New York City Police Department vehicle at an intersection in Brooklyn. She commenced this action to recover damages for personal injuries in the Supreme Court, Kings County. During the pendency of the action, the plaintiff moved to the State of Georgia.

The defendants moved pursuant to CPLR 8501 (a) and 8503 to direct the plaintiff to post security for costs in the amount of $500. In opposition to the motion, the plaintiff contended that,

as applied to natural persons, CPLR 8501 (a) and 8503 violate the Privileges and Immunities Clause of the United States Constitution and are thus unenforceable (US Const, art IV, § 2). The Supreme Court rejected the plaintiff's contention and granted the defendants' motion, concluding that the statutes were constitutionally permissible. The plaintiff appeals.*

Security For Costs

CPLR 8101 provides that the "party in whose favor a judgment is entered is entitled to costs in the action, unless otherwise provided by statute or unless the court determines that to so allow costs would not be equitable, under all of the circumstances." CPLR 8201 provides that costs shall be in the amount of $200 for all proceedings before a note of issue is filed, plus $200 for all proceedings after a note of issue is filed and before trial, plus $300 for each trial, inquest, or assessment of damages.

CPLR 8501, which is labeled "Security for costs," provides, in part:

> "Except where the plaintiff has been granted permission to proceed as a poor person or is the petitioner in a habeas corpus proceeding, upon motion by the defendant without notice, the court or a judge thereof shall order security for costs to be given by the plaintiffs where none of them is a domestic corporation, a foreign corporation licensed to do business in the state or a resident of the state when the motion is made" (CPLR 8501 [a]).

CPLR 8503 provides that

> "[s]ecurity for costs shall be given by an undertaking in an amount of five hundred dollars in counties within the city of New York, and two hundred fifty dollars in all other counties, or such greater amount as shall be fixed by the court that the plaintiff shall pay all legal costs awarded to the defendant."

CPLR 8502 provides that until security for costs is given pursuant to the order of the court, all proceedings other than to review or vacate such order shall be stayed, and that if the

---

* We note that the Attorney General of the State of New York has been notified, pursuant to CPLR 1012 (b) and Executive Law § 71, that the plaintiff is challenging the constitutionality of CPLR 8501 (a) and 8503, and has determined not to intervene.

plaintiff shall not have given security for costs at the expiration of 30 days from the date of the order, the court may dismiss the complaint upon motion by the defendant.

New York has had laws requiring nonresident plaintiffs to post security for costs since early in its history (*see Republic of Honduras v Soto*, 112 NY 310, 311-312 [1889] [discussing security for costs provisions located at former title 2, chapter 10, part 3 of the Revised Statutes and section 3268 of the former Code of Civil Procedure]; *State of Ohio ex rel. Fulton v Saal*, 239 App Div 420, 420-421 [1933] [discussing the security for costs provision in section 1522 of the former Civil Practice Act]). "Security for costs is 'a device ordinarily used against a nonresident plaintiff to make sure that if he loses the case he will not return home and leave defendant with a costs judgment that can be enforced only in plaintiff's home state' " (*Meister v Engine Trans. Corp.*, 138 Misc 2d 880, 881 [Civ Ct, NY County 1988], quoting Siegel, NY Prac § 414). "By directing a nonresident to post a bond, the defendant is protected from frivolous suits and is assured that, if successful, he will be able to recover costs from the plaintiff" (*G.C.S. Co. v Aresco, Inc.*, 88 AD2d 611, 612 [1982]; *see Dixie Dinettes v Schaller's Furniture*, 71 Misc 2d 102, 105 [Civ Ct, Kings County 1972]).

The Privileges and Immunities Clause

Pursuant to the Privileges and Immunities Clause of the United States Constitution, "[t]he Citizens of each State [are] entitled to all Privileges and Immunities of Citizens in the several States" (US Const, art IV, § 2, cl 1). "[T]he object of the Privileges and Immunities Clause is to 'strongly . . . constitute the citizens of the United States [as] one people,' by 'plac[ing] the citizens of each State upon the same footing with citizens of other States, so far as the advantages resulting from citizenship in those States are concerned' " (*McBurney v Young*, 569 US —, —, 133 S Ct 1709, 1714 [2013], quoting *Lunding v New York Tax Appeals Tribunal*, 522 US 287, 296 [1998] [internal quotation marks omitted]).

"This does not mean . . . that 'state citizenship or residency may never be used by a State to distinguish among persons' " (*McBurney v Young*, 569 US at —, 133 S Ct at 1714, quoting *Baldwin v Fish & Game Comm'n of Mont.*, 436 US 371, 383 [1978]). " 'Nor must a State always apply all its laws or all its services equally to anyone, resident or nonresident, who may request it so to do' " (*McBurney v Young*, 569 US at —, 133 S Ct at 1714, quoting *Baldwin v Fish & Game Comm'n of Mont.*,

436 US at 383). "Rather, . . . the Privileges and Immunities Clause protects only those privileges and immunities that are 'fundamental' " (*McBurney v Young*, 569 US at —, 133 S Ct at 1714; *see Baldwin v Fish & Game Comm'n of Mont.*, 436 US at 382, 388).

In addition, "[w]here nonresidents are subject to different treatment, there must be 'reasonable ground for . . . diversity of treatment' " (*Lunding v New York Tax Appeals Tribunal*, 522 US at 298, quoting *Travis v Yale & Towne Mfg. Co.*, 252 US 60, 79 [1920]). While the Privileges and Immunities Clause bars " 'discrimination against citizens of other States where there is no substantial reason for the discrimination beyond the mere fact that they are citizens of other States,' " it does not " 'preclude disparity of treatment in the many situations where there are perfectly valid independent reasons for it' " (*Lunding v New York Tax Appeals Tribunal*, 522 US at 298, quoting *Toomer v Witsell*, 334 US 385, 396 [1948]).

> " 'Thus the inquiry in each case must be concerned with whether such reasons do exist and whether the degree of discrimination bears a close relationship to them. The inquiry must also, of course, be conducted with due regard for the principle that the States should have considerable leeway in analyzing local evils and in prescribing appropriate cures' " (*Lunding v New York Tax Appeals Tribunal*, 522 US at 298, quoting *Toomer v Witsell*, 334 US at 396).

Discussion

"Enactments of the Legislature—a coequal branch of government—may not casually be set aside by the judiciary. . . . [S]tatutes are presumed constitutional; while the presumption is rebuttable, invalidity must be demonstrated beyond a reasonable doubt" (*Matter of McGee v Korman*, 70 NY2d 225, 231 [1987]; *see United States v Morrison*, 529 US 598, 607 [2000]).

In *Canadian Northern R. Co. v Eggen* (252 US 553 [1920]), the United States Supreme Court considered the constitutionality of a Minnesota statute that barred a plaintiff from maintaining a cause of action in Minnesota that arose out of state and was barred by the statute of limitations of the jurisdiction in which it arose "unless the plaintiff be a citizen of the state who has owned the cause of action ever since it accrued" (*id.* at 558 [internal quotation marks omitted]). In that

case, the U.S. Supreme Court acknowledged that the right of a citizen of one state to institute and maintain actions of any kind in the courts of another was a fundamental privilege protected by the Privileges and Immunities Clause (*see id.* at 560-561). Nevertheless, the U.S. Supreme Court concluded that the Privileges and Immunities Clause is satisfied "if the nonresident is given access to the courts of the state upon terms which in themselves are reasonable and adequate for the enforcing of any rights he [or she] may have, even though they may not be technically and precisely the same in extent as those accorded to resident citizens" (*id.* at 562). The U.S. Supreme Court concluded that the Minnesota statute satisfied this requirement, as a person "cannot be said to be denied, in a constitutional or in any rational sense, the privilege of resorting to courts to enforce his [or her] rights when he [or she] is given free access to them for a length of time reasonably sufficient to enable an ordinarily diligent [person] to institute proceedings for their protection" (*id.*).

In *McBurney v Young* (569 US at —, —, 133 S Ct at 1713, 1717), the U.S. Supreme Court held that the right of a noncitizen of Virginia to have reasonable and adequate access to Virginia courts was not infringed by the Virginia Freedom of Information Act, which only benefitted Virginia citizens. In doing so, the Court stated that the "Privileges and Immunities Clause does not require States to erase any distinction between citizens and non-citizens that might conceivably give state citizens some detectable litigation advantage" (*id.* at 1717).

Here, as in *Canadian Northern R. Co.* and *McBurney*, the challenged statutory provisions do not deprive noncitizens of New York of reasonable and adequate access to New York courts. The requirement that a nonresident plaintiff who has not been granted permission to proceed as a poor person post the modest sum of $500 as security for costs is reasonable to deter frivolous or harassing lawsuits and to prevent a defendant from having to resort to a foreign jurisdiction to enforce a costs judgment (*see G.C.S. Co. v Aresco, Inc.*, 88 AD2d at 612; *Meister v Engine Trans. Corp.*, 138 Misc 2d at 881; *Dixie Dinettes v Schaller's Furniture*, 71 Misc 2d at 105). If the subject lawsuit is successful, the plaintiff's security is returned to him or her. Notably, while the U.S. Supreme Court has never considered a direct challenge to a state statute requiring nonresident plaintiffs to post security for costs, it has cited such a requirement as an example of one that would not run

afoul of the Privileges and Immunities Clause (*see Canadian Northern R. Co. v Eggen*, 252 US at 561-562; *Blake v McClung*, 172 US 239, 256 [1898] [stating that a state requirement that citizens of other states give a bond for costs "cannot reasonably be characterized as hostile to the fundamental rights of citizens of other states"]; *see also Kentucky Finance Corp. v Paramount Auto Exchange Corp.*, 262 US 544, 551 [1923] [while finding that a statute violated the Equal Protection Clause of the 14th Amendment to the United States Constitution, the Court acknowledged that "(n)o doubt a corporation of one state seeking relief in the courts of another must conform to the prevailing modes of proceeding in those courts and submit to reasonable rules respecting the payment of costs or giving security therefor and the like"]).

Moreover, courts have found similar requirements of other jurisdictions to be permissible under the Privileges and Immunities Clause (*see In re Merrill Lynch Relocation Mgt., Inc.*, 812 F2d 1116, 1122 [9th Cir 1987] [Oregon statute requiring the attorney of a nonresident plaintiff to either post security for costs or become liable for a cost judgment entered against the plaintiff]; *Brewster v North Am. Van Lines, Inc.*, 461 F2d 649, 651 [7th Cir 1972] [Federal District Court local rule requiring a nonresident plaintiff to post security for costs]; *White v Walker*, 136 La 464, 465-466, 67 So 332, 333 [1915] [Louisiana statute excusing pauper citizens of Louisiana from a general rule requiring all plaintiffs to post security for costs]; *Cummings v Wingo*, 31 SC 427, 434-435, 10 SE 107, 108-109 [1889] [South Carolina statute and rule of court requiring nonresident plaintiffs to post security for costs]; *Haney v Marshall*, 9 Md 194, 209-210 [1856] [Maryland statute requiring nonresident plaintiffs to post security for costs]; *Kreitzer v Puerto Rico Cars, Inc.*, 417 F Supp 498, 507 [D PR 1975] [Federal District Court local rule requiring nonresident plaintiffs to post security for costs]; *Kilmer v Groome*, 19 Pa CC 339 [1897] [Pennsylvania court rule requiring nonresident plaintiffs to post security for costs]; *but see Gerace v Bentley*, 2016 WL 4442556, 2016 VI Supreme LEXIS 31 [Aug. 22, 2016, S Ct Civ No. 2015-0046] [concluding that a U.S. Virgin Islands statute requiring nonresident plaintiffs to post security for costs violated the Privileges and Immunities Clause]).

The plaintiff contends that the statutes at issue in this case are similar to the statute held to be unconstitutional in *Ward v Maryland* (79 US 418 [1871]). We disagree. In *Ward*, the U.S.

Supreme Court invalidated a statute that required nonresidents to pay $300 per year for a license to trade in goods not manufactured in Maryland, while resident traders were only required to pay a fee varying from $12 to $150 (*see id.* at 425-432). The U.S. Supreme Court held that the Privileges and Immunities Clause secured the right of nonresident citizens "to be exempt from any higher taxes or excises than are imposed by the State upon its own citizens," and thus nonresident citizens should be permitted to sell goods in Maryland without being subjected to any higher tax or excise than resident citizens (*id.* at 430). In contrast, CPLR 8501 (a) and 8503 do not impose higher costs on nonresident plaintiffs. Rather, they merely require nonresident plaintiffs, who are unlikely to have any attachable assets in New York, to post security for costs. Once his or her lawsuit is brought to a conclusion, a nonresident plaintiff is in the same position as a resident plaintiff.

The plaintiff further contends that the statutes at issue fail to satisfy the test articulated in *Lunding v New York Tax Appeals Tribunal* (522 US 287 [1998]). In that case, in which the U.S. Supreme Court invalidated a New York statute that effectively denied only nonresident taxpayers an income tax deduction for alimony paid, the Court stated that

> "when confronted with a challenge under the Privileges and Immunities Clause to a law distinguishing between residents and nonresidents, a State may defend its position by demonstrating that '(i) there is a substantial reason for the difference in treatment; and (ii) the discrimination practiced against nonresidents bears a substantial relationship to the State's objective' " (*id.* at 298, quoting *Supreme Court of N. H. v Piper*, 470 US 274, 284 [1985]).

However, when the privilege at issue is the right to access the courts, the U.S. Supreme Court has not required a state to make this showing. Rather, as discussed above, the U.S. Supreme Court has stated that the Privileges and Immunities Clause is satisfied so long as a nonresident " 'is given access to the courts of the State upon terms which in themselves are reasonable and adequate for the enforcing of any rights he [or she] may have' " (*McBurney v Young*, 569 US at —, 133 S Ct at 1717, quoting *Canadian Northern R. Co. v Eggen*, 252 US at 562). In any event, the statutes at issue here satisfy the test articulated in *Lunding*. There is a substantial reason for the

difference in treatment between nonresidents and residents, namely, the fact that nonresident plaintiffs are unlikely to have assets in New York that may be used to enforce a costs judgment. And the discrimination practiced against nonresidents—requiring nonresident plaintiffs to post security for costs—bears a substantial relationship to the State's objective of deterring frivolous or harassing lawsuits and preventing a defendant from having to resort to a foreign jurisdiction to enforce a costs judgment (*see G.C.S. Co. v Aresco, Inc.*, 88 AD2d at 612; *Meister v Engine Trans. Corp.*, 138 Misc 2d at 881; *Dixie Dinettes v Schaller's Furniture*, 71 Misc 2d at 105).

The plaintiff's remaining contentions, that CPLR 8501 (a) and 8503 violate the Equal Protection and Due Process Clauses of the 14th Amendment to the United States Constitution, are improperly raised for the first time on appeal (*see Matter of McGee v Korman*, 70 NY2d at 231-232; *Melahn v Hearn*, 60 NY2d 944, 945 [1983]; *Matter of Klein v New York State Off. of Temporary & Disability Assistance*, 84 AD3d 1378, 1380 [2011]; *Scarangella v Laborde*, 12 AD3d 660 [2004]).

Accordingly, the Supreme Court properly granted the defendants' motion pursuant to CPLR 8501 (a) and 8503 to direct the plaintiff to post security for costs in the amount of $500. The order is affirmed.

BALKIN, J.P., SGROI and MALTESE, JJ., concur.

Ordered that the order is affirmed, with costs.