| **Rodriguez v Langston Condominium** |
|:---:|
| 2024 NY Slip Op 33433(U) |
| September 27, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 153678/2023 |
| Judge: Mary V. Rosado |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

PRESENT:     <u>HON. MARY V. ROSADO</u>               PART                        **33M**

*Justice*

|  |  |
|---|---|
| INDEX NO. | 153678/2023 |
| MOTION DATE | 09/10/2024 |
| MOTION SEQ. NO. | 001 |

---------------------------------------------------------------------X

WALTER RODRIGUEZ,

                   Plaintiff,

            - v -

THE LANGSTON CONDOMINIUM, GMNY
CONSTRUCTION SERVICE INC.,CORE SCAFFOLD
SYSTEMS INC.,

                   Defendant.

**DECISION + ORDER ON
MOTION AND CROSS MOTION**

---------------------------------------------------------------------X

THE LANGSTON CONDOMINIUM

                   Plaintiff,

            -against-

BHA CONSULTANTS LLC

                   Defendant.

Third-Party
Index No. 595043/2024

---------------------------------------------------------------------X

GMNY CONSTRUCTION SERVICE INC.

                   Plaintiff,

            -against-

M.D. SCAFFOLDING, INC.

                   Defendant.

Second Third-Party
Index No. 595243/2024

---------------------------------------------------------------------X

CORE SCAFFOLD SYSTEMS INC.

                   Plaintiff,

            -against-

M.D. SCAFFOLDING, INC.

                   Defendant.

Third Third-Party
Index No. 595262/2024

---------------------------------------------------------------------X

[* 1]

The following e-filed documents, listed by NYSCEF document number (Motion 001) 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 98, 99, 100, 101, 102, 103, 104, 105, 106, 107, 108, 109, 110, 111, 112

were read on this motion to/for                          AMEND CAPTION/PLEADINGS                          .

Upon the foregoing documents, Defendant/Third-Party Plaintiff Langston Condominium's ("Langston") motion seeking leave to amend its Answer, for an order compelling certain discovery, and requesting Plaintiff post security, is granted in part and denied in part. Defendant/Third-Party Plaintiff Core Scaffold Systems Inc.'s ("Core") cross-motion seeking the same relief is granted in part and denied in part.

## I.     Background

This is an action for alleged personal injuries sustained by Plaintiff as a result of violations of the New York Labor Law (NYSCEF Doc. 1). Langston now seeks leave to amend its Answer to assert a counterclaim and an affirmative defense of fraud against Plaintiff. Langston also seeks to compel responses to their discovery demands. Langston alleges they should be granted leave to assert these claims because Plaintiff has two prior lawsuits with similar mechanisms of injury. Langston claims Plaintiff's alleged injuries in those prior lawsuits overlap with the alleged injuries in this lawsuit. Langston also claims that Plaintiff is treating with several "suspect medical providers" (NYSCEF Doc. 74 at ¶ 12). Core seeks leave to amend the same counterclaim and affirmative defense in its crossclaim. They also seek a bond in the amount of $10,000 to cover potential costs should this case be dismissed as frivolous.

Plaintiff opposes. Plaintiff argues the application is premature as discovery remains ongoing and depositions have not yet occurred. Plaintiff further argues that discrepancies in medical narratives do not give rise to a colorable fraud claim and therefore Langston and Core have failed to state a claim for fraud. Plaintiff does not dispute that a bond must be posted, but he

asks that it be in the statutory amount of $500. Plaintiff also argues that Defendants failed to support their motions with CPLR compliant affirmations, however Defendants have since corrected this technical default.

## II. Discussion

### A. Motion and Cross-Motion to Compel

The motion and cross-motion to compel have been resolved at the preliminary conference held with the Court on July 24, 2024 (*see* NYSCEF Doc. 113). To the extent the motions to compel have not been resolved pursuant to the preliminary conference order, they are denied, without prejudice, as they were made in violation of Part 33's rules. As the parties were directed at the preliminary conference, should discovery issues arise they shall e-mail the Court to request a conference to resolve those issues.

### B. Leave to Amend

Leave to amend pleadings is freely granted in the absence of prejudice if the proposed amendment is not palpably insufficient as a matter of law (*Mashinksy v Drescher*, 188 AD3d 465 [1st Dept 2020]). A party opposing a motion to amend must demonstrate that it would be substantially prejudiced by the amendment, or the amendments are patently devoid of merit (*Greenburgh Eleven Union Free School Dist. v National Union Fire Ins. Co.*, 298 AD2d 180, 181 [1st Dept 2002]).

For purposes of a motion seeking leave to amend, Defendants have sufficiently alleged sufficient facts to make out a colorable fraud counterclaim and affirmative defense against Plaintiff. Plaintiff's numerous accidents which occurred in the same manner, contradictory medical records, and his involvement with several medical providers who are implicated in a Federal RICO action.

153678/2023  RODRIGUEZ, WALTER vs. THE LANGSTON CONDOMINIUM ET AL
Motion No.  001

Page 3 of 5

### C. CPLR § 8501(a)

Defendants' motion requesting Plaintiff post a bond for security of costs in the amount of CPLR § 8501(a) is granted in part. CPLR § 8501(a) mandates that except where a plaintiff has been granted permission to proceed as a poor person or is the petitioner in a habeas corpus proceeding, the Court shall order security for costs if the plaintiff is not a resident of New York (*see also Yarwood v County of Suffolk*, 174 AD3d 954 [2d Dept 2019]; *Clement v Durban*, 147 AD3d 39 [2d Dept 2016]). CPLR § 8503 states that security for costs shall be made in an amount of five hundred dollars in counties within the City of New York, or such greater amount as shall be fixed by the Court. It is undisputed that Plaintiff is a resident of New Jersey, and therefore he is required to post security. However, although Defendants seek the posting of a bond in the amount of $10,000.00, the Court finds this to be excessive given the lack of any supporting evidence of these costs. Thus, the Court elects to adopt the statutory requirement of a $500.00 bond.

Accordingly, it is hereby,

ORDERED that Langston's motion and Core's cross-motion seeking leave to amend their pleadings is granted, and the proposed pleadings annexed to the motion papers (NYSCEF Docs. 75 and 92) shall be deemed served upon service of a copy of this order with notice of entry thereof; and it is further

ORDERED that Langston's motion and Core's cross-motion seeking Plaintiff to post security for costs is granted; and it is further

ORDERED that pursuant to CPLR 8501(a) and 8503, plaintiff shall, within thirty (30) days of service of this Decision and Order, post security for costs in the amount of $500.00, and the matter is stayed pursuant to CPLR 8502 until plaintiff posts said security; and it is further

[* 4]

ORDERED that the stay pursuant to CPLR 8502 shall be automatically lifted upon Plaintiff posting his bond; and it is further

ORDERED that Langston's motion and Core's cross-motion seeking to compel certain discovery is denied to the extent it has not become moot; and it is further,

ORDERED that within ten days of entry, counsel for Defendants shall serve a copy of this Decision and Order, with notice of entry, on all parties via NYSCEF.

This constitutes the Decision and Order of the Court.

| ___9/27/2024___ | | | | _May V Rosa JSC_ | |
| DATE | | | | HON. MARY V. ROSADO, J.S.C. | |

| CHECK ONE: | | CASE DISPOSED | x | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | | GRANTED | ☐ DENIED | x GRANTED IN PART | ☐ OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | ☐ REFERENCE |