■ NEW YORK CITY TRANSIT AUTHORITY et al., Appellants, v CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., Respondent, et al., Defendants. [834 NYS2d 192]—

Order, Supreme Court, New York County (Robert D. Lippmann, J.), entered August 25, 2006, which, in an action arising out of a fire on plaintiffs' premises allegedly caused by defendant-respondent improperly transmitting electrical test currents, granted defendant's motion for summary judgement dismissing the complaint on the ground of plaintiffs' spoliation of the "cable tray," unanimously affirmed, without costs.

Defendant adequately demonstrates that the cable tray was necessary to a proper investigation of the cause of the fire, and that the photographs of the fire site it was allowed to take were not an adequate substitute therefor (*see Kirkland v New York City Hous. Auth.*, 236 AD2d 170, 173 [1997]). Accordingly, the complaint was properly dismissed as a sanction for plaintiffs having discarded the cable tray before it could be examined by defendant's experts (*see id.*). Concur—Friedman, J.P., Marlow, Sullivan, Sweeny and Catterson, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SALEEM AMBUBAKR, Appellant. [833 NYS2d 393]—Judgment, Supreme Court, New York County (Brenda Soloff, J.), rendered January 30, 2006, convicting defendant, upon his plea of guilty, of criminal sale of a controlled substance in the fifth degree, and sentencing him, as a second felony offender, to a term of three years, unanimously affirmed.

For the reasons stated in our decision in *People v Lemos* (34 AD3d 343 [2006]), we find unpreserved, and in any event unavailing, defendant's argument that the court unlawfully imposed a mandatory surcharge and fees when it did so only in writing.

We perceive no basis for reducing the sentence. Concur—Friedman, J.P., Marlow, Sullivan, Sweeny and Catterson, JJ.