Cantey v City of New York (2020 NY Slip Op 03213)





Cantey v City of New York


2020 NY Slip Op 03213


Decided on June 10, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 10, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JOSEPH J. MALTESE
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2017-10690
 (Index No. 708491/14)

[*1]Jeffrey Cantey, plaintiff-respondent,
v
City of New York, defendant third-party plaintiff-appellant, Five Star Electric Corp., defendant-respondent; Eaton Electric, Inc., third-party defendant-respondent.


Conway, Farrell, Curtin & Kelly, P.C., New York, NY (Jonathan T. Uejio of counsel), for defendant third-party plaintiff-appellant.
Baker Leshko Saline & Drapeau, LLP, White Plains, NY (Betsy DeSoye of counsel), for plaintiff-respondent.
Vigorito, Barker, Porter & Patterson, LLP, Valhalla, NY (Leilani Rodriguez of counsel), for defendant-respondent.
Camacho Mauro Mulholland, LLP, New York, NY (Wendy Jennings of counsel), for third-party defendant-respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant third-party plaintiff appeals from an order of the Supreme Court, Queens County (Timothy J. Dufficy, J.), dated September 5, 2017. The order, insofar as appealed from, granted the plaintiff's motion for summary judgment on the issue of liability against the defendant third-party plaintiff, granted that branch of the motion of the defendant Five Star Electric Corp. which was to preclude the defendant third-party plaintiff from presenting any evidence on its cross claims against that defendant as a sanction for spoliation of evidence, and granted that branch of the motion of the third-party defendant which was to preclude the defendant third-party plaintiff from presenting any evidence in the third-party action as a sanction for spoliation of evidence.
ORDERED that the order is reversed insofar as appealed from, on the law and in the exercise of discretion, with one bill of costs, the plaintiff's motion for summary judgment on the issue of liability against the defendant third-party plaintiff is denied, that branch of the motion of the defendant Five Star Electric Corp. which was to preclude the defendant third-party plaintiff from presenting any evidence on its cross claims against that defendant as a sanction for spoliation of evidence is denied, and that branch of the motion of the third-party defendant which was to preclude the defendant third-party plaintiff from presenting any evidence in the third-party action as a sanction for spoliation of evidence is denied.
On April 17, 2014, the plaintiff, an employee of the third-party defendant, Eaton Electric, Inc. (hereinafter Eaton), was working at the Jamaica Wastewater Treatment Plant [*2](hereinafter the plant) on a project to convert a sewage operation from hydraulic pumps to electric pumps. Eaton was a subcontractor of the defendant Five Star Electric Corp. (hereinafter Five Star), which contracted with the defendant third-party plaintiff the City of New York, the owner of the premises, to perform the electric work. The plaintiff was running new electrical wiring when an overhead light fixture unrelated to the project fell on him. After the accident the City's employees removed the light fixture, and it was thereafter lost.
The plaintiff commenced this action to recover damages for personal injuries against the City and Five Star. Thereafter, the City commenced a third-party action against Eaton, inter alia, to recover damages for contractual indemnification. The plaintiff moved for summary judgment on the issue of liability against the City based upon a theory of res ipsa loquitur. Five Star moved, inter alia, to preclude the City from presenting any evidence on its cross claims against Five Star as a sanction for spoliation of evidence, and Eaton moved, inter alia, to preclude the City from presenting any evidence in the third-party action on the same ground. In the order appealed from, the Supreme Court granted the plaintiff's motion and those branches of the motions of Five Star and Eaton. The City appeals.
Res ipsa loquitur is a doctrine which is submitted to the finder of fact when the accident arises out of an event which ordinarily does not occur in the absence of negligence, the accident was caused by an agency or instrumentality within the exclusive control of the defendant, and it was not due to a voluntary action or contribution on the part of the plaintiff (see James v Wormuth, 21 NY3d 540, 546). The Court of Appeals has held that "only in the rarest of res ipsa loquitur cases may a plaintiff win summary judgment or a directed verdict. That would happen only when the plaintiff's circumstantial proof is so convincing and the defendant's response so weak that the inference of defendant's negligence is inescapable" (Morejon v Rais Constr. Co., 7 NY3d 203, 209).
Here, Chris Malatos, the assistant plant chief on the day of the accident, testified at a deposition that the light fixture which fell on the plaintiff was approximately 40 years old. The plant's employees checked the plant's light fixtures only if there was a problem, such as a light bulb which had to be replaced, and Malatos did not know of any other light fixture having fallen from the ceiling. Malatos testified that, after the accident, plant employees checked all of the other light fixtures in the area where the plaintiff was working and found that they all were stable and in good repair. The light fixture involved in the accident was attached to a piece of pipe which appeared to have bent. On these facts, the inference that the City was negligent is not inescapable, and the presence of contractors at the site indicated that the City did not have exclusive control over the area. Under the circumstances, we disagree with the Supreme Court's determination granting the plaintiff's motion for summary judgment on the issue of liability against the City based upon a theory of res ipsa loquitur (see Barney-Yeboah v Metro-North Commuter R.R., 25 NY3d 945; Brandon v Caterpillar Tractor Corp., 125 AD2d 625, 626).
In its response to Eaton's notice to preserve the light fixture, the City stated that it had possession of and was preserving the pipe to which the light fixture was connected, but that it was not in possession of the light fixture itself. "A party that seeks sanctions for spoliation of evidence must show that the party having control over the evidence possessed an obligation to preserve it at the time of its destruction, that the evidence was destroyed with a culpable state of mind,' and that the destroyed evidence was relevant to the party's claim or defense such that the trier of fact could find that the evidence would support that claim or defense'" (Pegasus Aviation v Varig Logistica, S.A., 26 NY3d 543, 547, quoting Voom HD Holdings LLC v Echostar Satellite L.L.C., 93 AD3d 33, 45).
Here, there is no evidence that the City destroyed or disposed of the light fixture with a culpable state of mind. The light fixture, which was similar to the other light fixtures at the scene, was hardly crucial evidence. The crucial evidence was the pipe, which was preserved. Further, there are photographs of the light fixture in the record. There is no indication that the actual light fixture would add anything to the analysis of the accident (cf. New York City Transit Auth. v Consolidated Edison Co. of N.Y., Inc., 40 AD3d 273). Accordingly, the imposition of a sanction for spoliation of [*3]evidence was, under the circumstances of this case, an improvident exercise of discretion (see Melendez v City of New York, 2 AD3d 170).
RIVERA, J.P., MALTESE, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court